Putnam, J.,
delivered the opinion of the Court. In this case, the defendant contends that he is not liable,— 1. Because he has been divorced, a vinculo matrimonii, before the supplies were made to the said Rebecca; and, 2. If the divorce was of no validity, the plaintiffs have their remedy against the town of Townsend, where the defendant is settled, and not immediately against him. By the statute of 1793, c. 59, § 9, overseers of *the poor are required to provide for the immediate comfort *199 and relief of all persons residing or found in their town not belong" ing thereto, but having lawful settlements in other towns, when tl,vvv fall into distress and stand in need of immediate relief; and the towns where such persons have their settlement are subjected to the payment of such expenses. The plaintiffs found the said Rebecca in want of the necessaries of life, and supplied her; and we have no doubt but they might have recovered payment from the town to which she belongs.
But we are satisfied that the remedy is cumulative, and that the plaintiffs may also have their remedy against the defendant. It does not appear but that the defendant may defend this action, as well as if it were brought against him by the town where he belongs; and we perceive no benefit, but much inconvenience, which would arise from the proposed circuity of action.
The principal question is, whether the defendant is exonerated, in consequence of the divorce which he has obtained in Vermont.
By the laws of Massachusetts, divorces from the bonds of matri many are not to be allowed, as in Vermont, for extreme cruelty; and it has not been suggested that the defendant had, by our statute, any cause for a divorce against his wife. From what appears, she might have been entitled to a divorce a mensa et thora, for his extreme cruelty. Aware of this, the defendant went to Vermont (as the jury find) for the purpose of obtaining a divorce there. It appears that he sometimes returned, to take care of his affairs here, while the proceedings there were transacting; and as soon as the object was obtained, he returned to his estate in Massachusetts. And it does not appear that his wife was ever within the limits of Vermont. She can be considered a subject of that state merely constructively, in consequence of the residence of her husband.
We are satisfied that his residence in Vermont was temporary, and that his domicile continued here. If * he had been absent for years in a foreign country, or in other states of this Union, for lawful purposes of business, anima revertendi, no question would arise of a change of domicile; a fortiori when his temporary absence was for the purpose of evading the laws of this commonwealth, to which he owed allegiance.
It is a general rule, that the laws of a state apply to all who are within its limits; and those who have a temporary residence are considered as subjected to the laws of the state, while their residence continues. (1)
This applies, however, to laws made for the preservation of the *200 peace of the state, arid does not extend to rights and duties arising from the laws of the' state where such persons have their domicile. These remain obligatory upon the subject, notwithstanding a temporary absence.
If we were to give effect to this decree, we should permit another state to govern our citizens, in direct contravention of our own statutes ; and this can be required by no rule of comity. (2)
We are therefore of opinion that the divorce, thus obtained by the defendant, is of no validity here, and does not exonerate him from his liability to support his wife. Judgment is to be entered according to the verdict. (a)

 Hub. De Conflicto Legum, lib. 1, tit. 3, § 2.

 Hub. ubi sup. 3d axiom.

 [Rex vs. Wm. Martin Lolly, 1 Russ. & Ry. 236. — Beazly vs. Beazly, 3 Hag. Eccl. R. 439. — Barber vs. Root, 10 Mass. Rep. 265. — Jackson vs. Jackson, 1 Johns. 424. — Borden vs. Fitch, 15 Johns. 121. — Bradshaw vs. Heath, 14 Wend. 407.— Toney vs. Lindsey, 1 Dow. 124. — McCarthy vs. De Coix, 2 Russ, & Mylne, 620. — Warrender vs. Warrender,9 Bligh. 89.—Dorsey vs. Dorsey, 1 Chand. L. R. 287.— Pawkins vs. Wilson, 13 Johns. 192. — Story, Confl. Laws, 2d ed. 298—306. — See Revised Statutes, c. 76, § 39. — Harteau vs. Harteau, 14 Pick. 181. — Ed.]