INHABITANTS OF PALMYRA *versus* INHABITANTS OF PROSPECT.

In a claim by one town against another to recover for supplying certain paupers, the plaintiffs notified the defendants that James Curtis, his wife and their seven children, naming them all, had fallen into distress, &c.

The defendants replied, acknowledging the receipt of the notice "*touching the Curtis family*," and denying that "*Curtis*" had a settlement in the defendant town. *Held*, the defendants were not estopped to deny the settlement of the wife and children in their town.

ASSUMPSIT, for supplies furnished by Palmyra to James Curtis and Eliza Curtis, his wife, and Lewis Curtis, Elizabeth Curtis, Rozilla Curtis, Frances Curtis, Eliza Curtis and William Augustus Curtis, their children, whose settlement was alleged to be in the town of Prospect. The writ is dated April 27th, 1848.

The plaintiffs introduced evidence tending to show that the paupers fell into distress in Palmyra, on February 6, 1847, and stood in need of immediate relief, and that supplies were furnished by Palmyra, and also, that the following notice was sent by the overseers of the poor of Palmyra to the overseers of the poor of Prospect, and by them received on or about the fifteenth of March, A. D. 1847: —

"Palmyra, February 27, 1847.

"Gentlemen. — James Curtis, Eliza Curtis, wife of said James, and Lewis Curtis, Elizabeth Curtis, Rozilla Curtis, Frances Curtis, Eliza Curtis, William Augustus Curtis, their children, inhabitants of your town, have fallen into distress in this town," &c.

The defendants then offered to read, in evidence of denial, an answer from the overseers of Prospect, in words following:

Palmyra *v.* Prospect.

" Prospect, March 19, 1847.

"To the overseers of the poor, of the town of Palmyra:—
Yours of the 27th of February, was received about the fifteenth of March, touching the James Curtis family, and calling on us to pay the expenses incurred by them. Mr. Curtis was not a native of our town, but has frequently lived in Prospect, and we forthwith set ourselves about ascertaining whether he had gained a legal settlement in our town, and find he never did," &c.

This reply was seasonably received. The plaintiffs contended that the defendants were estopped by the answer from denying the settlement of the said Eliza Curtis, wife of said James Curtis, and Lewis Curtis, Elizabeth Curtis, Rozilla Curtis, Frances Curtis, Eliza Curtis and William Augustus Curtis. The Court, WELLS, J. overruled the objection and allowed said answer to be read in evidence. The counsel for the plaintiffs except to the ruling.

*Bronson,* for the plaintiffs, contended for the following positions :—

1. The answer by the defendant town, applies only to James Curtis. It cannot be enlarged by implication. The wife and children may have their settlement in Prospect.

2. By denying the settlement of one of the persons, named in the notice, there is an implied admission that the wife and children have their settlement in Prospect, and the defendants are estopped to deny it. R. S. chap. 32, sect. 1 ; *Lancaster v. Rehoboth,* 4 Mass. 180; *Bridgewater v. Dartmouth,* 4 Mass. 273.

3. If the notice had been no more specific than the answer, it could not have extended to the wife and children.

*J. & A. Waterhouse,* for defendants.

TENNEY, J.—In a suit by one town against another to recover payment for supplies furnished for the relief of a pauper, alleged by the plaintiff town to have his settlement in the defendant town, if the latter would contest the settlement of the pauper, it must, by its legal agency, within two months after

the receipt of notice from the overseers of the poor of the former, requesting payment of the expenses incurred, and the removal of the pauper, send a written answer, stating their objections to such removal. R. S. chap. 32, § 42 and 43.

If the request is made on account of two or more persons, the answer must in some way refer to each one. The objection can apply no further than to those named, or to whom reference is made. Supplies may be furnished to more than one person about the same time, and those relieved may have no connection with each other by blood or affinity; and the notice to the town supposed to be liable, may be given in the same letter on account of both. The written answer stating the objection to the payment of the expense and the removal of the paupers, will not furnish a basis of a defence, on the ground of no settlement of the paupers in the town notified, further than it applies to those who are named or clearly referred to therein. There may also be ground for denying the settlement of one member of the same family, and no reason for contesting the settlement of another; hence the objection may with propriety be limited to a part only of those so situated, who have been aided; as, for example, where a man having no settlement in the State, may marry a woman having one; she and the children, who are the fruit of that marriage, will have *her* settlement. An illegitimate child will retain the settlement acquired at the time of the birth, till such child obtains for himself a new settlement, though the mother may by her marriage or otherwise change hers, and still have the charge of the child. R. S. chap. 32, § 1. In the former case supposed, an objection made to the removal of the husband and father, may not extend to the wife and children; and in the latter, the refusal properly made to remove the child may not be regarded as a denial of the settlement of the mother or her husband.

The statute has prescribed no form for the answer to the notice, or for the objection to the removal. It has given in general terms, the substance only. And in order, that the meaning should be well understood, it is proper, that the

notice and the answer to it should be examined in connection ; and if upon a fair construction of the language of both, the objection is intended to be a denial of the settlement of all the paupers named in the notice, the town attempted to be charged will not be restricted in their defence ; but if the reasons stated for refusing to pay the expenses incurred in behalf of one, and to remove that one, cannot on a fair construction refer to others, for whose relief remuneration is claimed and removal demanded, the question of the settlement of the latter cannot be the subject of controversy ; the town notified is concluded by its silence as to such paupers. But it cannot be regarded necessary in all cases, that the objection should be made, as to each individual, stating his name, as is required in the notice first given.   If the answer be such, that, from the facts presented in the notice and the answer, it is manifest, that it was intended, that the objection was made to all, it will meet the legal requirement.   If the notice states, that relief was afforded to a man alleged to have his settlement in the town notified, and to his wife, with the usual requests, and the answer thereto should contain the objection, that the man had no settlement in the town, it could not be understood, that it was intended, to concede by the omission of the wife's name, that her settlement would not be contested.   In the answer to the notice, that relief had been afforded to a man, his wife and children, each distinctly named, if the objection stated, in reference to the man, from all the facts, presented in a notice and answer, when examined together, is such, that if proved on the trial, would be sufficient alone to fix his settlement, and the settlement of the others mentioned in the notice would follow without further evidence, it is believed, that the objection would apply to the wife and children as well as to him.   In a controversy between two towns for the recovery of the expenses in the relief of a man, his wife and children, proof that the man had acquired a settlement in the town defending, would be sufficient to charge it with the expense attending the whole family, unless it should appear, that the wife and children had a different settlement from that

of the husband and father ; a settlement once acquired by a man will draw after it the settlement of his wife and children, until a new one has been obtained by the latter.

In the case before us, the notice informs the town of Prospect, that James Curtis, and his wife and children, the names of each being given, inhabitants of the town of Prospect, had fallen into distress in the town of Palmyra, and had been relieved ; that Lewis, (one of the children named,) was sick with the small pox, and had been so for three weeks, and that the overseers had made the house a hospital in which they had confined the family and caused them to be vaccinated ; and in the opinion of the overseers, no other member of the family had taken the small pox. The overseers of Palmyra request, in the letter, the overseers of Prospect to pay the expense which had accrued, and that which was expected to accrue afterwards, which they informed them would continue to be charged. The answer, signed by one of the overseers of Prospect, purporting to be by order of the board, acknowledged the receipt of the notice " touching the Curtis family," and states, that on inquiry made, although Curtis had frequently lived in Prospect, he was not a native of that town, and had never gained a settlement therein, and that the town of Palmyra must look to some other town for indemnity for the relief afforded him.

At the trial, the answer was objected to as evidence, because it was signed by one only of the overseers of the poor of the town of Prospect, but it was admitted. It was contended that the town of Prospect was estopped by their answer, to deny the settlement in that town, of the wife and children of James Curtis, because it was silent as to them, and referred only to the expense of James Curtis, which, it was stated, they were not liable for ; the Court held otherwise.

The statute provides, that the answer may be signed by one or more of the overseers notified. R. S. chap. 32, sect. 43. The answer in this respect is in strict conformity to the statute. The notice states, that Curtis, his wife, and their children, named, are *inhabitants* of Prospect. They were residing in

Palmyra, as appears by the notice, at the time, and it must have been intended, that they had their *settlement* in Prospect. On any other construction the notice will be without meaning, for such a purpose as was evidently entertained by the overseers of Palmyra. No distinction is made in the notice, between James Curtis and the other members of his family, from which it could be supposed, that the same facts relied upon to make Prospect the place of the settlement of James Curtis, were not relied upon to make it also the place of the settlement of the wife and children. There is nothing showing that the children were not minors and subject to his control and actually under his charge. He was responsible for the aid furnished to his wife and such minor children, if paupers, as much as for that for his own individual relief. *Hanover* v. *Turner*, 14 Mass. 227 ; R. S. chap. 32, sect. 50.

The answer denies the settlement of James Curtis in Prospect, and its liability for supplies furnished for him. From the facts before us, the family of Curtis, who were named in the notice, had a settlement, wherever his should be established ; and the statement in the answer, that he had not such a settlement as would impose upon the town of Prospect, the expense for his relief, must have been understood as a denial of liability for the family also, who were dependent upon him for support, and whose settlement would follow his. The reason given for declining to pay for his relief, applied equally to the charge for the relief to the others.

*Exceptions overruled.*