### WILLIAM LYON *vs.* ZILPHA S. LYON.

A decree of divorce, obtained by a wife in another state, upon proceedings instituted two months after her removal from this state, (her husband continuing to reside here, and not being served with process in that state, nor appearing in the proceedings,) for a cause which occurred here, and which would not authorize a divorce by the laws of this state, is of no effect in this state.

LIBEL for a divorce *a vinculo* for desertion. *Merrick,* J., upon the evidence produced by both parties at the hearing, was of opinion that the libellant was entitled to a decree of divorce, as prayed for, unless the full court should be of opinion that the following facts constituted a defence : The parties were lawfully married on the 27th of December 1840, at Pawtucket in this state, where they both then resided; and continued to live together as husband and wife until November 1848, residing for most of the

time in this state, though occasionally living in the State of Rhode Island; but for more than a year next preceding said November, they were domiciled in said Pawtucket. In that month, the wife, voluntarily, and without any justifiable or legal cause, left the house where she and her husband were living together, and went into the State of Rhode Island, and thenceforward altogether abandoned and deserted him, and continued to reside in that state. The libellant continued to reside at said Pawtucket, and is still a citizen of this state. On the 21st of January 1849, the wife filed in the supreme court of the State of Rhode Island a petition for divorce *a vinculo* on the ground of extreme cruelty, and notice of the petition was served on the husband in this state, pursuant to the order of that court; but he did not appear; and after due proceedings, according to the laws of that state, a decree of divorce *a vinculo* was granted.

*C. B. Farnsworth*, for the libellant.

No counsel appeared for the respondent.

SHAW, C. J.  Upon the case reported, the court are of opinion that the decree of divorce, obtained by the wife in Rhode Island, was not valid and binding upon the husband, and cannot be held in this commonwealth to have dissolved the bond of matrimony, so as to bar the libellant from having a decree of divorce, under the laws of this commonwealth, for a cause recognized as a good cause of divorce by our own laws. It appears that, for a year previous to the desertion, the parties had their domicil and lived together in this state, having been married here; that the wife left the home of her husband without justifiable cause, which rendered her departure a desertion and elopement; that the parties had no domicil in Rhode Island; that within a few months after going into that state, she commenced proceedings to obtain a divorce *a vinculo*, for a cause which could not have occurred in that state, and which would not have been a cause of divorce *a vinculo* by our law; and without any appearance of, or effectual service upon, the husband, obtained a decree.

Even before the revised statutes, upon general principles of justice and policy, such a decree would not have been held valid, but void, partly on the ground that it was a proceeding in

fraud of our law, and partly because the court of the foreign state could have no jurisdiction of the subject matter and of both of the parties.

Such was the principle declared by this court in *Barber* v. *Root,* 10 Mass. 260. The decree was held to be valid in that case, because husband and wife had removed together to Vermont, and taken up their domicil there, and so subjected themselves to the operation of the laws, and the jurisdiction of the courts of that state. In *Hanover* v. *Turner,* 14 Mass. 227, where the wife had not submitted herself to the jurisdiction of the courts of Vermont, such a decree was declared void. A similar principle, we believe, governed the case of *Harteau* v. *Harteau,* 14 Pick. 181. These cases preceded the revised statutes, which went into operation on the 1st of May 1836.

By the Rev. Sts. *c.* 76, § 39, it is enacted, that " when any inhabitant of this state shall go into any other state or country, in order to obtain a divorce for any cause which had occurred here, and whilst the parties resided here, or for any cause which would not authorize a divorce by the laws of this state, a divorce so obtained shall be of no force or effect in this state."

We are of opinion that the case is within this statute. The term " in order to obtain a divorce," is not quite so limited to a case of actual intent and purpose, as if the phrase had been " for the purpose of obtaining a divorce." The going into Rhode Island was one step towards obtaining such decree, because without so going no suit could have been instituted by her there. She did in fact institute such suit, and obtain such decree, to the accomplishing of which her removal into Rhode Island was a necessary step. But without relying much upon this, we think, taking into consideration the short time which elapsed after going into Rhode Island, after deserting her husband, before she commenced her proceedings for a divorce, possibly at the first term of the supreme court of that state, the evidence would warrant the fair inference of fact that she went with the intent to apply for a divorce, so that such was one of her purposes when she went into Rhode Island. And when the facts as well as the law are to be tried by the court, we must

draw the same legal inferences of fact, from the evidence, that a jury would be warranted in drawing, in a case tried by them.

But if not within the statute, for the reasons before given, we are of opinion that the decree in question is void, upon general principles of law.

*Decree of divorce a vinculo for the desertion of the wife.*