CITY OF NEW BEDFORD *vs.* LEVI CHACE.

A town may maintain an action against an individual for supplies furnished to his wife and children, if they stood in need of support as paupers, but not otherwise.

ACTION OF CONTRACT to recover for necessary articles of sup-port, furnished by the plaintiffs to the defendant's wife and children, who, as the declaration alleged, were at the time in a

City of New Bedford v. Chace.

suffering condition for want of the necessaries of life, by reason of the defendant's neglect to supply them therewith, and had therefore applied to the overseers of the poor of New Bedford for assistance and support.

The defendant demurred, because the defendant, if liable at all for these supplies, must be sued under Rev. Sts. c. 46.

*J. C. Stone*, for the defendant. The rights and powers of municipal corporations are defined by statute. Rev. Sts. c. 15, §§ 11, 12. Authority to buy and sell merchandise can be presumed only where it is necessarily incident to the execution of express powers. Towns and cities are authorized to relieve paupers only. Rev. Sts. c. 46. A wife is not a pauper, if her husband, living with her or in the same town, is able to supply her wants. If he refuses or neglects to supply them, she may resort to his credit, or, in an extreme case, obtain a decree of divorce and alimony.

Even if this action will lie for necessary articles supplied to the wife, it cannot be maintained to recover the value of such articles supplied to the wife and family jointly ; for the statute prescribes the only mode in which towns and cities may reimburse themselves for supplies furnished every pauper, who has kindred in the relation of parent or grandparent, child or grandchild, of sufficient ability. Rev. Sts. c. 46, § 6.

*T. D. Robinson*, for the plaintiffs. This is not an action to recover for moneys furnished for the support of a pauper ; but an action at common law for necessaries furnished the defendant's wife and family, he being able, but neglecting and refusing to provide for their support. A town furnishing support under such circumstances has the same remedy as an individual. *Hanover* v. *Turner*, 14 Mass. 227. *Rumney* v. *Keyes*, 7 N. H. 576. *Charlestown* v. *Hubbard*, 9 N. H. 196. 2 Kent Com. (6th ed.) 161. 1 Steph. N. P. 346. *Shaw* v. *Thompson*, 16 Pick. 200. *Deer Isle* v. *Eaton*, 12 Mass. 328.

The intent of the statute was not to deprive the party of the common law remedy, but to compel a liability where there was none before. Rev. Sts. c. 46, §§ 6, 7. *Rumney* v. *Keyes*, 7 N. H. 576, 577. No construction of the statute can meet this case

3*

as far as the wife is concerned; as to her, if the common law remedy is taken away, there is none left.

DEWEY, J. We think the demurrer in the present case must be overruled, and the case proceed to trial upon an issue as to the facts, which facts, when fully developed, will present the case more properly for an adjudication by the court. If the case should not prove to be one brought to recover for moneys paid or goods furnished by the plaintiff on account of the wife and children of the defendant, as paupers or persons standing in immediate need of relief, the plaintiffs had no authority to make the expenditures. We do not think a town stands in the same relation to the husband in this respect, as other individuals might, who should have supplied a wife who was wholly and unjustifiably neglected by a husband possessed of abundant means. The common law gives the wife a credit in her husband's name in such cases; and he who furnishes the necessary articles for her support may charge the husband therefor. We do not adopt the broad ground stated in *Rumney* v. *Keyes*, 7 N. H. 576. A town is not to furnish supplies to a married woman, whose husband has wilfully neglected to make the necessary provision for her, except in performance of the duties required of them by the pauper laws; and such expenditures, when made, must be through the official agents of the town charged with the duty of furnishing such supplies.

But if the overseers of the poor of New Bedford found the wife and children of the defendant in distress and need of immediate relief, they might properly furnish them necessary articles for the supply of their wants. Their necessity for such aid would, for the time being, make them paupers. Suppose such a case of distress and need of relief to exist, and supplies to be furnished by the proper authorities of the town, the amount may be recovered of the husband. That question was settled in the case of *Hanover* v. *Turner*, 14 Mass. 227. It was the direct question there, whether the town could, in such case, maintain their action against the husband, upon an implied assumpsit at common law, and it was held that they could.

The result therefore is, that municipal corporations are only

authorized to furnish relief to those who, when the relief is fur-
nished, may properly be denominated paupers, either from gen-
eral poverty, or present temporary necessities requiring such
aid ; and that where the town has, in cases like those stated,
furnished necessary supplies, through the action of the overseers
of the poor, an action will lie at common law against the hus-
band, to recover the amount thus expended for his wife and
minor children.                                    *Demurrer overruled.*