INHABITANTS OF VEAZIE *versus* INHABITANTS OF CHESTER.

The fact that a person is destitute and in need of immediate relief, authorizes and requires the overseers to provide such relief.

If supplies, furnished *bona fide* by overseers to a person destitute, are in fact used for the relief of his destitution, or are received for the purpose of such relief, his unwillingness to receive them as pauper supplies, or his protest against so regarding them, or his declaration that he shall not so regard them, cannot prevent them from being so regarded, and from drawing after them all of their legal consequences.

If, when supplies are furnished, the overseers distinctly agree that the supplies are not, and shall not be regarded as pauper supplies, but as a gift or loan to one in need, whether to be returned in kind or paid for, or not, and they are thus received, the party so receiving will not be legally affected thereby, nor will the town acquire any rights thereby in its relation to other towns.

Same results would not follow by reason solely of a protest or unwillingness on the part of the person furnished, to receive needed relief, or from any declaration that he does not or shall not regard the supplies in that character, but simply as a loan to be refunded.

If supplies are in fact furnished and received as pauper supplies, the statute is complied with, and their legal consequences follow.

The promise to repay and the actual repayment do not change the nature of the relief.

If supplies, when furnished came within the statute, their character could not be changed by a contingent matter depending upon the voluntary act of the pauper, even if the owners agreed that thereupon the charge should be blotted out, and the supplies should not be regarded as what they were when furnished.

Whether or not supplies were furnished and received as pauper relief is a mixed question of law and fact.

When such a question is submitted to a jury, it is the duty of the presiding Judge, if requested, to instruct the jury what would or would not constitute furnishing and receiving supplies within the statute.

ON EXCEPTIONS from *Nisi Prius*, APPLETON, C. J., presiding.

ASSUMPSIT for supplies furnished under the pauper Act.

It was admitted that the settlement of the pauper was formerly in the defendant town, and that it so continued unless he obtained a new one in the plaintiff town, by having his home there five successive years without receiving, directly or indirectly, supplies as a pauper.

It was also admitted that he obtained a new settlement in the plaintiff town, unless the five years' residence was broken by certain alleged supplies furnished in the meantime.

Due notice and answer were admitted. No question was made as to the destitute circumstances of the pauper's family, or as to the kind or amount of supplies furnished.

It appeared that the town of Veazie kept articles necessary for the relief of persons destitute, and furnished the alleged paupers principally from these, charging them in the books kept for that purpose.

It also appeared that the father of the family paid for supplies first furnished, on his return from the woods where he was at work when they were furnished.

There was testimony, introduced by the defendants, tending to show that the first necessaries were furnished and received, to be paid for soon after, and not to be considered as pauper supplies. And there was testimony, introduced by the plaintiffs, that no agreement was made by the overseers to furnish the supplies as a loan.

The counsel for the plaintiffs asked that the following instruction be given, to wit:—

"If Mrs. Babcock received, from the overseers, supplies furnished by the town, under an understanding that, if paid for soon, the charge to them should be stricken from the town books and not be considered a charge, otherwise should be a charge, that such furnishing would break the continuity, if she was in distress and in need of relief from the town."

This, the Judge refused to give as a matter of law, but

submitted it as a question for the jury to decide (without any direction or intimation from the Court) whether such furnishing was directly or indirectly furnishing supplies to her as a pauper, within the sense of the statute.

Verdict for defendants.

*J. A. Peters*, for the defendants.

*A. W. Paine*, for the plaintiffs.

No briefs came into the hands of the present Reporter.

KENT, J.—The question, on which this case seems to depend, is whether certain supplies, which were furnished by the plaintiffs to the family of the alleged pauper, prevented him from acquiring a settlement in Veazie, by five years uninterrupted residence. It is admitted unless these supplies were furnished and received as supplies to them as paupers, within the statute, that the residence for five years gave a legal settlement to the father.

When a town attempts to prevent the legal effect of a residence of five years therein, by proving that within that time the person, whose settlement is in question, has received supplies as a pauper, it is not enough to show that supplies have been furnished by the officers of the town.

It must also appear, to the satisfaction of the jury, that the person supplied or his family was in need of immediate relief, was so destitute of food, clothing, fuel, or other necessaries, that, without aid from some quarter, they would probably suffer from the want of such aid. When the rights and obligations of another town may be affected by the act, the law requires that a case of necessity and need should be established, before the supplies are furnished, and those rights or obligations changed. They must be furnished because the immediate wants of the family required them, to prevent suffering, and not because the town could thus prevent the acquisition of a settlement by the pauper. Relief furnished and accepted, when the family or person was not in fact in need of them, would not affect the settlement.

The first question, in such a case, for the jury to settle is, whether, at the time, the pauper was in fact in distress and in need of supplies. If he were, and the supplies were furnished by the officers of the town, in good faith, to relieve such distress, and were received for that purpose, they would be supplies *furnished* within the meaning of the statute.

When a case of necessity exists, and is brought to the knowledge of the overseers, it is their duty to examine into the facts, and to furnish the relief required by the immediate wants of the family. On the one hand, they have no right to force supplies upon a family where no such necessity exists, and, on the other, they have no right to withhold them where such necessity does exist, even if the pauper or his family are unwilling to receive them as pauper supplies, and protest against so accepting them. The overseers are not to allow a family of children to perish with hunger or cold, because the father's pride revolts from being placed in the position of a pauper, although, from misfortune or sickness, he is unable to provide for them. If the family stands in need of immediate relief, this fact authorizes and requires the overseers to provide such relief. However praiseworthy the feeling of independence, which shrinks from the thought of pauperism, it cannot be allowed to operate so far as to prevent supplies from being furnished by the town to the suffering family. We entirely concur in the views of the Court on this point, as expressed fully in *Corinna* v. *Exeter*, 13 Maine, 321. If the supplies are actually furnished in such a case of need, in good faith, as supplies to a pauper, and are in fact used for the relief of the wants of himself or family, or received for the purpose of relieving such wants, the unwillingness of the party to receive them as such supplies, or his protest against so regarding them, or his declaration that he shall not so regard them, cannot prevent them from being regarded in law as supplies furnished to a pauper, within the statute, and from drawing after them all the legal effects and consequences resulting from such furnishing. The question is, not what were the views

Inhabitants of Veazie *v.* Inhabitants of Chester.

and wishes and intentions of the party, but was it a case of necessity and was it provided for by supplies furnished by the town. 13 Met., 197.

It is urged, on the part of the defendants, that the statute requires that the supplies should have been received as supplies to a pauper. This requirement, as we have seen, is fulfilled, when, in a case of need, they have been furnished by the town and received to relieve such distress.

But it is contended, in this case, that the supplies were not so "received" as to come within the statute. It is said that, admitting a case of necessity, and that the articles were furnished by the overseers from the stores kept by the town for such purpose, yet they were furnished under such circumstances, that they cannot be regarded as supplies, required by the language and intent of the pauper law.

It may be admitted, that if, at the time of reception, for any cause, the overseers distinctly agree or assent to the proposition, that the supplies are not, and shall not be regarded as furnished by the town for the relief of pauperism, but as a gift or loan to a party in need, whether to be returned in kind or paid for, or not, and they are thus received, under such distinct understanding by both parties, that they are not at any time, or in any event to be regarded as pauper supplies, they will not be so regarded. The party so receiving will not be legally affected so as to make him a pauper, nor will the town acquire any rights thereby in their relation to other towns. *Oakham* v. *Sutton*, 13 Met., 197.

It would be most manifestly unjust, to subject a party to the disabilities and consequences of pauperism, if he received the supplies under the distinct agreement that they were not so furnished or so received. Overseers would have no right to charge such supplies to the town, and might be liable to the town for the value of such articles, if taken from the stores belonging to the corporation.

But the same results would not follow by reason solely of a protest or unwillingness on the part of the pauper to re-

ceive needed relief, or from any declaration that he does not, or shall not regard the supplies in that character, but simply as a gift or loan to be restored or refunded, unless the town, by its officers, assent to such proposition, as before explained.

Another question, however, was raised at the trial, viz.—What would be the effect, if the supplies were furnished to the family, which was destitute, by the overseers in their official capacity to relieve their immediate wants, but with the understanding or agreement that, if paid for soon, or on the return of the husband, the charge should be stricken out and the supplies should not be regarded as articles furnished and received by the town as supplies to a pauper?

We think that the rights of all parties interested must be determined by the facts existing at the time of the reception of the supplies. If they were ever in fact furnished and received as pauper supplies, the statute is complied with and all the consequences of pauperism follow. It may well be doubted whether the overseers have any authority to affect the rights of their town or the rights of others by any such agreement. The promise to repay, and the actual repayment, does not change the nature of the relief. It is but performing a duty, whenever the pauper is able. *Hanover* v. *Turner*, 14 Mass., 227; 5 Gray, 28. There was a time, according to the proposition, when the family received, directly, supplies as paupers. This relation existed, certainly, up to the time of repayment, and would have remained permanently, if payment had not been made. If mere payment, afterwards, could wipe out the fact, as to its legal consequences, this payment might be made years afterwards, and, by means furnished by another town, interested to prevent the legal effect of the act on the question of the settlement of the pauper. And so, if the supplies, when furnished, came within the statute, their character could not be changed by a contingent matter, depending upon the voluntary act of the pauper, even if the overseers agreed

that thereupon the charge should be blotted out and the supplies should not be regarded as what they were in fact, when furnished. The question still returns, what was the legal character of the supplies on the day they were furnished?

It appears, by the exceptions, that the Judge declined to give some of the instructions requested by the parties, but " submitted it as a question for the jury to decide, (without any direction or intimation from the Court,) whether such furnishing was directly or indirectly furnishing supplies to her as a pauper, within the sense of the statute." The counsel for the plaintiffs requested a specific instruction on this point, as appears by the exceptions. We think a specific instruction should have been given.

It is undoubtedly true, that the jury must determine upon the evidence and upon the law applicable to the case, whether supplies were furnished and received as pauper relief. It is a mixed question of law and fact. We think that the Judge should have explained to the jury more fully the principles of law applicable to the facts, and to the various assumptions of the parties, as to the result of the evidence, and should have instructed them what would or would not be furnishing and receiving supplies within the statute. Without discussing the correctness of the rulings given, so far as they went, we think that the omission to give more full and definite explanations and instructions, as to the law bearing on the vital question in the case, is a good cause for exception.

The defendants contend that, if the whole question of law and fact was improperly or deficiently submitted to the jury, yet that the verdict has so manifestly determined the question correctly, that the Court will not set it aside. We express no opinion on the facts, except to say, that we do not think that the case is so perfectly clear on the proof, as reported, as to bring it within the rule invoked. We think that justice requires that the case should be submitted to

another jury, fully instructed according to the principles stated in this opinion.                *Exceptions sustained.*
                                                    *New trial granted.*

APPLETON, C. J., CUTTING, WALTON, BARROWS and DAN-FORTH, JJ., concurred.