Magowan v. Magowan.

---

MARY E. MAGOWAN

*v.*

FRANK A. MAGOWAN.

[Filed January 13th, 1898.]

1. A recital in a decree of divorce rendered by a court of another state, that the petitioner was a resident of that state for the statutory period, is conclusive in New Jersey, not only as to the period of citizenship but as to the fact of petitioner's domicile in the other state.

2. In an action by a wife to declare a decree of divorce rendered against her in another state void and for maintenance, the only charge of fraud was that there was an agreement for separation obtained from her by duress and fraud and that she was induced to withdraw her defence by duress and false representations. The evidence showed no agreement to withdraw such defence. After the execution of the agreement for separation the wife allowed a decree to go against her by default, and there was no duress that prevented her from continuing her defence.—*Held*, that the decree above referred to must, in this suit, be regarded as a valid judgment.

3. A divorced wife cannot maintain an action for maintenance against her former husband.

*Mr. Francis C. Lowthorp* and *Mr. Linton Satterthwait,* for the complainant.

*Mr. Edwin R. Walker,* for the defendant.

REED, V. C.

This bill is filed by a wife against her husband for maintenance under the statute. The bill, to prepare the way for the relief thus asked, prays that a decree divorcing these parties, granted to the defendant by a court in the Territory of Oklahoma, may be declared void. The ground upon which this relief is invoked is that the husband was never a resident of the territory in which the decree was made, and that, therefore, the court who made it had no jurisdiction in the matter.

The doctrine seems to be established that one of the parties to the marital relation must be domiciled in the state whose court attempts to adjudicate upon the marital *status* of the parties, else the action of the court is extrajudicial and will receive no countenance elsewhere. *5 Encycl. L. 757, 758; 2 Black Judg.* ¶ *927.*

The facts proven in this case show that the wife never resided elsewhere than in this state. They also show, with equal conclusiveness, that the husband never had a domicile in the Territory of Oklahoma. He visited that territory, but it is transparent that his visits were for the single purpose of procuring a divorce. His visits were hurried, brief and attended with every circumstance which could advertise that purpose. The pretence of an intention to reside in that territory is, under the testimony, too flimsy for patient consideration. But the husband has put in evidence the record of the decree made by the Oklahoma court, and this decree contains a finding that the plaintiff in that suit had been an actual resident in good faith of the territory for ninety days next preceding the filing of the petition therein. Whether a court, by its finding that it has jurisdiction, can conclude all other courts in other states from determining that question anew is a point upon which there is a contrariety of

authority.   The weight of authority elsewhere is that a court of one state cannot, by a recital that it has jurisdiction over a person as a domiciled citizen of its state, preclude the court of another state from inquiring whether the person was in fact a citizen of the latter state, over whose marital *status* alone its court had jurisdiction.   *5 Encycl. L. 763; Sewell v. Sewell, 122 Mass. 156, 158; People v. Darwell, 25 Mich. 247, 256; Reed v. Reed, 52 Mich. 117; Gregory v. Gregory, 76 Me. 535.*

Jurisdiction, in respect to the point now spoken of, depends entirely upon citizenship, not upon the length of time that the citizenship has continued.   If a court of one state makes a decree concerning the *status* of a person who is actually a citizen of the state, although the person may not have been domiciled for the length of time required by the statute of the state, nevertheless the decree is unassailable for the want of jurisdiction in the court which made it.   This obvious distinction is recognized by the supreme court of Minnesota in the cases of *State v. Armington, 25 Minn. 29,* and *Thurston v. Thurston, 28 Minn. 279.*

In the former case there was no domicile at all of either party in the state the court of which had made a decree of divorce, and the decree was held void by the Minnesota court for want of jurisdiction.   In the latter case, where the complainant was domiciled in the foreign state, although not domiciled for the statutory period, the decree was held to be unassailable on jurisdictional grounds.

But whatever may be the condition of judicial settlement elsewhere, I understand that the point is settled in this state, to the effect that a recital in a decree for divorce made by the court of another state that the petitioner was a resident of that state for the statutory period, is conclusive here of the truth of the fact thus recited.   I understand that it is not only conclusive as to the period of citizenship, but as to the fact of the petitioner's domicile in the other state.   *Nichols v. Nichols, 10 C. E. Gr. 60; Fairchild v. Fairchild, 8 Dick. Ch. Rep. 678.*

The attack upon the Oklahoma decree, therefore, grounded upon the want of jurisdiction in the court which made it, fails.

The element of fraud in obtaining that decree, which element figures in the case of *Doughty* v. *Doughty, 12 C. E. Gr. 315; S. C., 1 Stew. Eq. 581,* and in other cases there cited, is not so presented by the pleadings in this case as to be fully considered. The attack upon the decree is made upon the ground that the husband was not a *bona fide* resident of the territory and so the territorial court was without jurisdiction. It is not charged that the Oklahoma court was imposed upon by the fraudulent device of the husband. The only charge in the bill which has any relevancy to such a defence is that a certain agreement for separation, made between the husband and wife, was obtained from the wife by duress and fraud, and another charge that the wife was induced to withdraw her defence to the Oklahoma suit by duress and false representations. The evidence upon the first of these charges is that there was no agreement entered into between the parties to withdraw the defence to the divorce suit. After the execution of that agreement for separation the defendant in the suit allowed a decree to go against her by default, she knowing that the case of the complainant was a pure fabrication. There was no duress which prevented her from continuing her defence, even if the agreement for separation had been induced by fraud. I am constrained to the conclusion that the decree of the Oklahoma court must in this suit be regarded as a valid judgment. This being so, there can be no decree for the allowance of a sum for maintenance, inasmuch as such a decree is dependent upon the existence of the marital relations between the parties. *Freeman* v. *Freeman, 4 Dick. Ch. Rep. 102; Lynde* v. *Lynde, 9 Dick. Ch. Rep. 473.* Nor can I discover any excuse in this suit for decreeing the payment by the husband to the wife of any sum by virtue of the agreement for separation. That instrument, although its execution is set up in and a copy is annexed to the bill, is only referred to as a part of the history of the transaction attending the divorce proceedings. There is no ground laid for a decree for the specific performance of that agreement, nor for the recovery of damages for its breach, even if such incongruous ground for relief could be introduced in the bill for maintenance. The allusion to the agreement in the

prayer for relief is that in fixing the amount to be allowed for support the court should either fix it according to the situation in life of the parties or in accordance with the provisions for maintenance contained in that agreement. The sum to be fixed by either standard was to be a sum awarded by way of maintenance under the statute.

I am constrained to advise a decree dismissing the bill.