Felt v. Felt.

BETSY E. FELT

v.

JOSEPH P. FELT.

[Decided May 28th, 1898.   Filed January 4th, 1899.]

A husband, being a domiciled resident of Utah, brought suit in a court of that territory against his wife, residing in New Jersey, for divorce on the ground of desertion, and served her personally, in New Jersey, with a copy of his complaint and summons. She made no appearance or defence, and after more than two months from such service default was entered against her, and upon proofs produced to the court a decree of divorce was granted.—*Held*, a defence to a suit by the wife against the husband for divorce in this state.

*Semble*—1. That a suit for divorce is a proceeding *in rem*, in which the domicile of the plaintiff, within the territorial limits of the jurisdiction of the court, is sufficient to give jurisdiction and validate in other jurisdictions a decree for divorce based upon grounds recognized as sufficient by civilized peoples and established by proof to the satisfaction of the court, provided the best notice practicable has been given to the other spouse and a fair opportunity to appear and make defence allowed.   2. Service upon the other spouse, within the territorial limits of the state or territory of the court, is not necessary to the validity of such decree in other jurisdictions.

Bill for divorce. Heard on bill, and plea admitted to be true.

The bill sets out a marriage between the parties, a desertion of the complainant by the defendant on the 9th of April, 1892, and a continuance thereof for more than the statutory period, and also adultery on the part of the defendant, committed since that date, and prays for divorce and alimony.

The plea sets out that, on the 12th of May, 1893, the defendant was, and for more than a year before that time had been, an actual and *bona fide* resident of and domiciled in the city of Salt Lake, in the county of Salt Lake, in the then Territory of Utah ; that, by the laws of that territory, a certain court, within the limits of which he resided, viz., the district court of the third judicial district of the Territory of Utah, had, on the day last mentioned, and continued to have until after the 23d of August

Felt *v.* Felt.

following, jurisdiction to hear and determine actions for divorce brought by such residents and to award decrees therein; that on that day—May 12th, 1893—the defendant brought suit in that court against the complainant for divorce, on the ground of desertion by her of him, praying for a divorce from the bonds of matrimony; that a summons was duly issued in the suit, directed to the complainant herein and published against her in a newspaper at Salt Lake City, in accordance with the laws and practice of that court, and that the same was also served upon her by mailing a copy to her at her then place of abode in New Jersey, and that a copy of the complaint and summons was served upon her in person, at her said place of abode, on the 19th of May; that she failed to appear, and that on the 5th day of August, 1893, a default was entered against her in that suit; that afterwards the same was brought to trial upon evidence of witnesses, and the court found, upon such evidence, as a matter of fact, that the plaintiff was an actual and *bona fide* resident of the city of Salt Lake, and had been such for one year before May 12th, the day the suit was commenced; that the parties had been duly married in 1882; that the complainant herein had been guilty of cruel treatment of the defendant herein and had driven him from her bed and board, and that she willfully deserted him on or about the 9th of April, 1892, and, as a conclusion of law upon those facts, the court held that the plaintiff in that suit, the defendant herein, was entitled to a decree for divorce against the defendant therein, and the court did proceed to adjudge and decree

"that the bonds of matrimony heretofore subsisting between the said plaintiff and the said defendant be and the same hereby are forever dissolved, and that said parties, plaintiff and defendant, are restored to their rights as unmarried persons respectively."

The plea sets forth, *in extenso,* the statute laws of the Territory of Utah upon the subject of divorce and the practice governing suits therein, by which it abundantly appears that the court had jurisdiction of actions for divorce, and the suit in question was conducted in all respects according to the statute of the Territory of Utah.

---

Felt *v.* Felt.

---

*Mr. Frank L. Holt*, for the complainant, cited *People* v. *Baker*, *76 N. Y. 78; Williams* v. *Williams, 130 N. Y. 193; De Meli* v. *De Meli, 120 N. Y. 485; Matter of Kimball, 155 N. Y. 62; Harris* v. *Harris, 115 N. C. 587; McCreery* v. *Davis, 44 S. C. 195.*

*Mr. Washington B. Williams*, for the defendant, cited *Whart. Confl. L. (2d ed.) ch. 4 § 236; 5 Am. & Eng. Encycl. L. 760; Ditson* v. *Ditson, 4 R. I. 87; Cooley Const. Lim. (2d ed.) 401, note; Pennoyer* v. *Neff, 95 U. S. 714; Coddington* v. *Coddington, 5 C. E. Gr. 264; Loker* v. *Gerald, 157 Mass. 42; Hawkins* v. *Ragsdale, 80 Ky. 353; Van Orsdal* v. *Van Orsdal, 67 Iowa 35; Gould* v. *Crow, 57 Mo. 200, 204; Doughty* v. *Doughty, 1 Stew. Eq. 581; Cheever* v. *Wilson, 9 Wall. 108, 123; Cheely* v. *Clayton, 110 U. S. 701, 705.*

PITNEY, V. C.

The admitted facts are that the defendant, for more than a year prior to the time of the commencement of the suit against his wife in Utah, was an actual and *bona fide* resident of and domiciled in that territory, and that the suit was brought in a court which had jurisdiction of the subject-matter and conducted according to the law and practice of that court. The jurisdiction of the defendant's person in that suit was obtained in three ways—*first*, by publication in a newspaper; *second*, by mailing a copy of the summons and complaint to her at her residence in New Jersey, and *third*, by personal service upon her of those documents in this state.

It appears sufficiently, for present purposes, that the complainant herein has always lived in New Jersey.

A learned and elaborate argument was made in her behalf to support the position that a decree of divorce could not be rendered against her in another state which would be valid and binding in this state, without actual service of process upon her, made within the territorial limits of that state, or her voluntary appearance therein. The ground of this position was that the courts of another state could not obtain jurisdiction of her

Felt v. Felt.

person for the purpose of a suit for divorce by publication or service upon her out of that jurisdiction, and hence the decree was a nullity in this state.

I am unable to adopt that view. I think it not only fairly covered by authority in this state, but that it has no foundation in reason.

Chancellor Zabriskie, in *Coddington* v. *Coddington, 5 C. E. Gr. 264,* held that proceedings with regard to the validity or dissolution of marriage are proceedings *in rem,* and actually operate upon the *matter,* and that the power of the court to deal with the marriage relation depends upon the fact of the domicile of one or both of the parties being within its territorial limits; and that to enable the court to obtain jurisdiction one at least of the parties must be domiciled within the jurisdiction. Such domicile gave jurisdiction to proceed and determine the *status* of the parties.

In this case it is an admitted fact that the defendant herein was domiciled in the Territory of Utah for one year before and at the time the suit was commenced by him and the decree rendered against the wife. The power of the court of that territory to determine his *status* as to marriage was complete, and its action must be respected by us, provided it has been based upon grounds recognized as sufficient by civilized peoples, and reasonable notice and opportunity to appear and be heard has been given to the other party interested.

The mere residence of the wife in another state cannot affect the jurisdiction in that behalf of the court in which the husband is domiciled.

To hold otherwise, as has been done by the courts of New York in the cases cited by counsel, is, in effect, to deny relief to an injured spouse, provided the guilty party is able to escape beyond the jurisdiction of the court before service of process upon him or her.

This vexed question, in all its aspects, has been the subject of much diversity of judicial judgment in the various states of the Union, but I think it may now be considered as settled by the great weight of authority in conformity with the view just expressed.

The whole subject is discussed by Mr. Bishop in the second volume of his recent treatise on "Marriage, Divorce and Separation," sections 1 to 152 inclusive, and particularly sections 142 to 152. In the earlier sections of that volume he calls attention to the distinction between jurisdiction for the purpose of a pecuniary decree against the person, and jurisdiction for the purpose of declaring a *status*, holds with Chancellor Zabriskie that a suit for divorce is a proceeding *in rem,* and shows that a decree of divorce may be valid for the purpose of ending a marriage *status*, while it would not be valid for the purpose of enforcing a personal decree for alimony in the foreign jurisdiction. This distinction has not always been kept in mind.

The New York cases referred to, as I read them, go upon the basis that the marriage *status* may be held to have come to an end in the state in which the decree is declared, and still to exist in all the other states of the Union. I confess I am unable to see how that solution of the difficulty accords with reason. If one state in the Union has power to declare, and in a suit brought by one spouse against the other, in which the best notice practicable has been given to that other, does declare, upon grounds recognized by civilized men to be sufficient, that a once husband is no longer a husband and has no wife, I do not see how it can be held in any other state that such person is still the husband of his former wife, and that she is still his wife. Moreover, such a doctrine seems to me to be contrary to public policy. Its noxious tendency was well exemplified in the leading New York case of *People* v. *Baker, 76 N. Y. 78.* There the defendant, Baker, while living in New York, had been sued by his former wife, in a court of Ohio, for divorce; and a decree of divorce rendered against him by the Ohio court based upon substituted service. Relying upon that decree he contracted a marriage in New York, was indicted for bigamy based on such second marriage, and convicted and sentenced to state prison.

We have not here to deal with a case where the ground of the divorce, as found by the foreign tribunal, was frivolous or not in accordance with recognized principles underlying the marriage state, or with a case where any imposition, fraud or

Felt *v.* Felt.

concealment was practiced upon either court or party. On the contrary, actual notice was given and time to appear and defend allowed. Nor is it alleged that the wife was, for any cause, unable to defend, or that she had a defence which she now seeks to set up. We are bound to presume that the finding of the court of Utah was based upon sufficient and unassailable evidence. Hence it appears that no injustice was done the wife.

I find nothing in our own decisions which contravenes the result at which I have arrived, and I think that it is fully sustained by the reasoning of Chief-Justice Beasley in *Doughty* v. *Doughty, 1 Stew. Eq. 586.* The decree of the court of chancery granting a divorce in that case, which was somewhat similar to this, was sustained on appeal distinctly on the ground that the decree of the State of Illinois, there set up as a defence, was not a decree in a suit for divorce, but was one in a suit of jactitation of marriage, and also on the ground that notice of it failed to reach the defendant by reason of designed neglect on the part of the plaintiff in the foreign decree to take proper pains to give her actual notice. The learned chief-justice, in dealing with the question, distinctly declared that it would be necessary for our courts, on the ground of comity, to recognize the validity of foreign divorces, obtained by substituted service upon fair proceedings and proper grounds, against residents of this state. He held that, as our system provided for the procuration of divorces against absent spouses, and expected every foreign jurisdiction to recognize the validity of such divorces, we must accord the same validity to the foreign divorces obtained under the same circumstances.

But the present case is within the authority of the recent decision of Vice-Chancellor Reed in *Magowan* v. *Magowan, 39 Atl. Rep. 364.** There the wife sued the husband for maintenance, and he pleaded a decree of divorce granted by the court of the Territory of Oklahoma, and the decree in that case recited that Magowan was a resident of that territory. The wife, in answer to it, replied that he was not a resident of that territory; that

---

* Since the foregoing opinion was prepared, the decree in *Magowan* v. *Magowan* has been reversed. *12 Dick. Ch. Rep. 322.*

he had imposed upon the court in that respect. But the learned vice-chancellor held that the recital in the decree was conclusive against the defendant in that suit, who had notice of it. That case goes much farther than it is necessary to go here, because it is an admitted fact in the case that the husband was a *bona fide* domiciled resident in the Territory of Utah at the time the suit was brought and for more than a year prior thereto.

I will advise a decree in favor of defendant.