ELVIRA G. GREGORY *vs.* MELVILLE J. GREGORY.

Penobscot. Opinion December 20, 1884.

*Divorce. Dower. R. S., c. 60, § 10.*

R. S., c. 60, § 10, is an affirmation of a general principle of law and is not applicable to persons who abandon their residence in this state and *bona fide* establish their domicil in another state where they afterward obtain a divorce.

ON EXCEPTIONS.

The opinion states the case.

*Barker, Vose and Barker* and *A. L. Simpson,* for the plaintiff, cited : Story, Constitution, § 1313 ; *Res Adjudicata & Stare Decisis,* (Wells), § § 537, 542, 543, 550–552 ; *Bissell* v. *Briggs,* 9 Mass. 467 ; *Rathbone* v. *Terry,* 1 R. I. 73 ; *Kerr* v. *Kerr,* 41 N. Y. 275 ; *Carleton* v. *Bickford,* 13 Gray, 591 ; *McGiffert* v. *McGiffert,* 31 Barb. 69 ; S. C. 17 How. 18 ; *Todd* v. *Kerr,* 42 Barb. 317 ; *Hanover* v. *Turner,* 14 Mass. 229 ; *Lyon* v. *Lyon,* 2 Gray, 367 ; *Shannon* v. *Shannon,* 4 Allen, 134 ; *Smith* v. *Smith,* 13 Gray, 209 ; *Sewall* v. *Sewall,* 122 Mass. 156 ; Story, Conflict of Laws, 543 ; *Borden* v. *Fitch,* 15 Johns. 145 ; *Jackson* v. *Jackson,* 1 John. 432 ; 1 Bishop, Mar. & Div. (4th ed) § 87 ; *Bank* v. *Butman,* 29 Maine, 19 ; 2 Kent's Com. 108 ; *Garner* v. *Garner,* 56 Md. 127 (21 Am. L. Reg. 346) ; *Roth* v. *Ehman,* 21 Am. L. Reg. 589 : *Briggs* v. *Briggs,* L. R. 5 Prob. Div. (19 American Law Reg. 586) ; *Niboyet* v. *Niboyet,* 18 American Law Reg. 539 ;

16 American Law Reg. 65, 193 ; *Barber* v. *Root*, 10 Mass. 260 ; 227 ; *Calef* v. *Calef*, 54 Maine, 365 ; *Hood* v. *Hood*, 11 Allen. 196 ; *Brett* v. *Brett*, 5 Met. 233 ; *Harteau* v. *Harteau*, 14 Pick. 181.

*Josiah Crosby*, for the defendant.

VIRGIN, J. Action of dower against the grantee of the demandant's late husband.

To the *prima facie* case in behalf of the demandant, the defendant interposed an alleged divorce *a vinculo* decreed to her husband by the Recorder's Court in Chicago. If sustained her right of dower is thereby cut off. *Stilphen* v. *Houdlette*, 60 Maine, 447.

The presiding justice ruled that the divorce was presumed to be legal under the evidence offered, until the contrary appeared.

Thereupon the demandant interposed the provisions of R. S., c. 60, § 10, which provides : "When residents of this state go out of it for the purpose of obtaining a divorce for causes which occurred while the parties lived here, or which do not authorize a divorce here, and a divorce is obtained, it shall be void in this state ;" and introduced evidence which her counsel contended tended to bring the case within its provisions.

The defendant contended that these provisions were not applicable to a resident of this state who had *bona fide* abandoned his residence here, with no intention of returning, and had *bona fide*, established his residence in Illinois for one year (as provided by the statute of that state) prior to his application for divorce and did not return to this state. The presiding judge for the purposes of the trial, ruled otherwise, and submitted the case to the jury with the instruction (among others), that if they were satisfied that the demandant's husband went out of the state for the purpose of obtaining a divorce from the demandant, for some cause alleged in this state and that he did obtain, for some cause alleged in this state, a divorce there, then they should return a verdict for the demandant ; which they did.

Was this interpretation correct?

We borrowed this statutory provision, as we have many others, from Massachusetts, and adopted it in our revision of 1841.

In 1817, the court in that commonwealth held that if a citizen of that state removed into another state for the purpose of obtaining a divorce for a cause occurring in the former, the decree would be void there. *Hanover* v. *Turner*, 14 Mass. 227. This case was approved by our court in *Harding* v. *Alden*, 9 Maine, 140, 151.

In revising the statutes of Massachusetts in 1836, the commissioners proposed and the legislature affirmed the principle by a statute in the following language: " When any inhabitant of this state shall go into any other state or country, in order to obtain a divorce for any cause which had occurred here and while the parties resided here, or for any cause which would not authorize a divorce by the laws of this state, a divorce so obtained shall be of no force or effect in this state." R. S., (Mass.) c. 76, § 39.

In construing this statute, SHAW, C. J., said: " The object of this statute obviously was to prevent a species of abuse which had been practiced, by obtaining divorces in other states where the parties had no domicil, and where no cause of divorce had occurred. *Hanover* v. *Turner*, 14 Mass. 227. But it is confined to persons, inhabitants of this state, who go into other states for the purpose of obtaining clandestine and unauthorized divorces." *Clark* v. *Clark*, 8 Cush. 385.

So where a wife left her husband's house in Massachusetts, went to Rhode Island, and in a few months thereafter, on notice to her husband, obtained a divorce for his alleged cruelty, the same eminent jurist, speaking for the court, said: " Even before the revised statutes, upon general principles of justice and policy, such a divorce would have been void, partly on the ground that it was a proceeding in fraud of our law and partly because the court of the foreign state could have no jurisdiction of the subject matter and of the parties." *Lyon* v. *Lyon*, 2 Gray, 367. The court also discusses the evidence of the purpose in going to Rhode Island. See also *Chase* v. *Chase*, 6

Gray, 157, 161; *Smith* v. *Smith*, 13 Gray, 210; *Shannon* v. *Shannon*, 4 Allen, 134.

So in a recent case, GRAY, C. J., said; "When a person domiciled in this state goes, in evasion and fraud of the laws of his domicil, into another state, in order to obtain a divorce there, for a cause which had occurred here while the parties reside here, or for a cause which would not authorize a divorce by our law, it is within the power of the state, by its courts or its legislature, to declare or enact that a divorce, so obtained before acquiring a domicil in the other state, is or shall be of no force or effect in this state. This application of the general principle has been long recognized by this court and has been repeatedly affirmed by statute," citing cases and the various revisions, and *Ditson* v. *Ditson*, 4 R. I. 87, 93; *Sewall* v. *Sewall*, 122 Mass. 156, 161.

It seems therefore that the statute is but an affirmation of the general principle of law which makes the domicil of one of the parties at least the test of jurisdiction; and the statute is predicated upon the assumption that the party leaving the state for the purpose of getting a divorce has not acquired a domicil in the other state. That such is the opinion of C. J. GRAY, is made evident from the clause " before acquiring a domicil in the other state," in the foregoing quotation, thereby implying that if he does acquire " a domicil in the other state," the statute does not apply to him.

So Mr. Cooley says: "But if a party goes to a jurisdiction other than that of his domicil, for the purpose of procuring a divorce, and has residence there for that purpose only such residence is not *bona fide*, and does not confer upon the courts of that state or country jurisdiction over the marriage relation; and any decree they may assume to make would be void as to the other party." Cooley, Const. Lim. (5th ed) 496.

Mr. Wharton also says: " So far as this country is concerned, it is generally settled that residence without domicil will not entitle a party to sue for divorce that will bind extra-territorially. There must be a real domicil; that is to say, the domicil must be adopted as a permanency; though the fact that the object

was to acquire the benefit of a more favorable type of jurisprudence does not prevent a domicil from vesting." Whar. Conf. Law. (2d ed.) § 223.

We think the terms "residents" and "go out of the state for the purpose" show that the statute was intended simply to affirm the principle of the general law and is predicated upon the idea of the domicil remaining unchanged. A resident of any state has the undoubted right to change his domicil at will when he acts in good faith. And if his purpose be to seek the jurisdiction of his new domicil in order that he may obtain a divorce according to the laws thereof, we know of no principle of law to prevent. "Should it (the statute) be construed to be broader than the unwritten law, there is firm ground of principle for holding it to be in contravention of the constitution of the United States." 2 Bish. Mar. & Div. § § 199, c. 214; *Ditson* v. *Ditson*, 4 R. I. 87, 107; *Harding* v. *Alden, supra.*

The question in such cases, is one of jurisdiction, and jurisdiction depends upon domicil. Jurisdiction of a foreign court is open whatever may be the recitals relating thereto in the judgment. *Thompson* v. *Whitman*, 18 Wall. 457; *Knowles* v. *G. L. & C. Co.* 19 Wall. 58; *Sewall* v. *Sewall*, 122 Mass. 161.

We are of the opinion that the ruling was erroneous. And as this view gives a new trial, we have no occasion to examine other points.

*Exceptions sustained.*

PETERS, C. J., DANFORTH, EMERY, FOSTER and HASKELL, JJ., concurred.