In the Matter of the Petition of COURTLANDT PALMER to Vacate an Assessment for Sixty-sixth Street Outlet Sewer, etc., in the City of New York.

There is no statutory authority for continuing a pending undetermined special proceeding in the name of an administrator or executor of a deceased party; the provisions of the Code of Civil Procedure (§§ 755, 757), as to continuance upon the death of a party, relate only to actions.

Even if the Supreme Court has the power to grant an order of revival in such a proceeding, as to which, *quære*, it is not absolutely bound so to do, but the matter is one within its discretion, and a refusal on its part to grant the order is not reviewable here.

*It seems* that *laches* is a sufficient ground for refusing such applications.

*People ex rel. Fairchild* v. *Commissioners, etc.* (105 N. Y. 674) distinguished.

Reported below, 43 Hun, 572.

(Argued June 21, 1889; decided October 8, 1889.)

APPEAL from order of the General Term of the Supreme Court in the first judicial department, made the first Monday of January, 1887, which reversed an order of the Special Term continuing the above proceeding in the name of the executors of the above petitioner.

The nature of the proceeding and the facts are sufficiently stated in the opinion.

*P. A. Hargous* for appellant.   The petitioner having paid the assessment pending the proceedings to vacate the same, his legal representatives are entitled to a revival and continuance of the proceedings for the purpose of enforcing restitution. (*Purcell* v. *Mayor, etc.*, 85 N. Y. 330, 333; *Pitts* v. *Davison*, 37 id. 235; 1 Barb. Pr. 677.)   The executors are aggrieved by the assessment in question.   If the petitioner had lived, there is no doubt about his right to continue these

proceedings after payment. (*In re Hughes*, 93 N. Y. 512; *Purcell* v. *Mayor, etc.*, 85 id. 333; *In re Phillips*, 60 id. 16.) Special proceedings will be revived and continued where irreparable injury would be done unless such a course is pursued. (*People ex rel.* v. *Comrs.*, 105 N. Y. 674; *People* v. *Robinson*, 29 Barb. 77; *Hartings* v. *McKinley*, 8 How. Pr. 175.) No mere lapse of time will absolutely defeat an application for continuance of an action in the name of the representative of a deceased party. (*Evans* v. *Cleveland*, 72 N. Y. 486.) Laches do not apply in a case like this. (*Halsman* v. *St. John*, 90 N. Y. 465; *Green* v. *Martine*, 84 id. 648; *In re Mehrbach*, 97 id. 601.)

*David J. Dean* for respondent. The executors of Courtlandt Palmer are not aggrieved by the assessment in question, and have, therefore, no right to revive and continue the proceeding. (*In re Lima*, 77 N. Y. 170; *In re Hughes*, 93 id. 512.) This proceeding abated on the death of the petitioner. (Code Civ. Pro. § 755; *Hallahan* v. *Herbert*, 57 N. Y. 409; *In re Smith*, 1 How. Pr. [N. S.] 64; *In re Jetter*, 78 N. Y. 601; *In re M. S. Inst.*, 82 id. 142; *People ex rel. Wicks* v. *Oswego*, 2 T. & C. 431.) If it is held that under its general equity powers the court can grant relief, the laches of the executors should defeat this application. (*In re M. S. Inst.*, 82 N. Y. 142; *In re Stryker*, 23 Hun, 647; *Diefenthaler* v. *Mayor, etc.*, 111 N. Y. 331; *Jex* v. *Mayor, etc.*, Id. 339; *Coit* v. *Campbell*, 82 id. 509; *Mulready* v. *Hall*, 2 M. L. B. 89; *Newman* v. *Marvin*, 12 Hun, 236.) This motion is analogous to an application for a writ of *certiorari* in respect to the effect of delay in demanding relief. (*People ex rel. Waldman* v. *Bd. of Police*, 82 N. Y. 506; *People ex rel.* v. *Perry*, 16 Hun, 461; *People ex rel.* v. *Hill*, 53 N. Y. 547; *People ex rel. Stevens* v. *Bd. of Police*, 24 Hun, 284.)

EARL, J. Some time prior to 1873 an assessment had been laid upon land of the petitioner in the city of New York for the expenses of a sewer. In June and November of that year he conveyed the land and was thus entirely divested of any

interest therein.   On the thirty-first day of December there‑
after he made application to the Supreme Court by petition
under the act, chapter 338 of the Laws of 1858, and the acts
amendatory thereof, to have the assessment vacated.   On the
21st day of March, 1874, while his application was pending,
he paid the assessment in full, and on the tenth day of May
thereafter he died, leaving a will in which he devised his real
estate to his executors in trust; and letters testamentary were
issued to his executors on the second day of June.   In Decem‑
ber, 1885, the executors made a motion to have the proceed-·
ings continued in their name.   That motion was granted by
an order made at the Special Term.   The city of New York
appealed from that order to the General Term, where the
order was reversed, and then this appeal was brought to this
court.

At common law when a sole party to a legal action died,
before trial, the action abated and there was no way to revive
or continue it.   (*Evans* v. *Cleveland*, 72 N. Y. 486); and the
right to revive and continue such actions in the names of the
administrators or executors of a deceased party always
depended upon statutes.   The provisions of the Code upon
the subject relate only to actions.   (Code, §§ 755, 757); and
there is no statutory provision for continuing a pending, unde‑
termined special proceeding in the name of an administrator
or executor of a deceased party.   There is, therefore, no statu‑
tory right to the order which the executors ask in this matter,
and even if the Supreme Court had the power to grant it, it
was not absolutely bound to grant it.   Even if the motion had
been promptly made after the death of Palmer, it would, at
least, have rested in the discretion of the court to determine
whether, in view of all the circumstances, it would grant it,
or leave the executors to file a new petition.   The substitution
and continuance were not matters of right.   Such was the
old chancery practice before there were any statutes regulat‑
ing the practice.   When a sole party to a suit in chancery
died, and it became necessary to make an application to the
court to continue the suit in the name of his administrator or

executor, it was always in the discretion of the court to grant
or refuse the application.    (*Evans* v.  *Cleveland, supra.*)
This court has no power to revive a special proceeding pend-
ing in the Supreme Court, or to direct that court to revive it
in the name of the executors.    The case of the *People ex rel.
Fairchild* v.  *Commissioners, etc.* (105 N. Y. 674) is not
adverse to these views.    That case had been determined in the
Supreme Court and the party died after the appeal to this
court.    There was an adjudication of costs against the party
which his administratrix was bound to pay, and this court hav-
ing jurisdiction of the matter by the appeal, in the exercise of
its discretion, made an order substituting the administratrix of
the deceased party here.    It could even have refused that in
the exercise of its discretion.

Still further, the application for the substitution of the
executors and the continuance of the proceeding was not
made until more than eleven years after the executors became
qualified to act, and *laches* has always been a ground for refus-
ing such applications. (*Lyon* v. *Park*, 111 N. Y. 350.)
Whether the delay was sufficiently and satisfactorily explained
was for the determination of the Supreme Court.

The appeal should, therefore, be dismissed, with costs.

All concur.

Appeal dismissed.