<hr />

## In re PALMER.

(*Supreme Court, General Term, First Department.* March 13, 1891.)

REVIVAL OF ACTION—DISCRETION OF COURT—LACHES.

After a proceeding to vacate or reduce an assessment on real property had been commenced by the owner, he paid the assessment, and sold and conveyed the property. He died soon afterwards, and, more than 11 years after payment of the assessment, his executors made application to revive the proceeding, but an order reviving it was reversed by the general term on appeal. *Held*, that the delay was a sufficient reason for refusing, as a mere matter of discretion, to permit the revival, and a motion for reargument of the appeal should be denied.

Motion for reargument of an appeal.
See former decisions, 43 Hun, 572; 115 N. Y. 493, 22 N. E. Rep. 221.
Argued before VAN BRUNT, P. J., and BRADY and DANIELS, JJ.
*P. A. Hargous,* for the motion. *G. L. Sterling,* opposed.

DANIELS, J. The appeal, for the rehearing of which this application has been made, was decided by this court in March, 1887. *In re Palmer,* 43 Hun, 572. An appeal from that decision was taken to the court of appeals, and the appeal dismissed. *In re Palmer,* 115 N. Y. 493, 22 N. E. Rep. 221. And in the opinion leading to that result it has been intimated that this court might, in its discretion, revive the proceeding in favor of the executors of this estate, which seems to be slightly in conflict, to say the least, with what had previously been held upon this matter of practice. The proceeding which it is the object of the executors to revive was commenced in December, 1873, and the testator paid the assessment in March, 1874, prior to the time when he sold and conveyed the property, probably thereby intending to abandon these proceedings. This probability is confirmed by the fact that no application was made to revive the proceeding until the latter part of December, 1885, the testator himself having died in May, 1874. A period of more than 11 years, therefore, elapsed after he had paid the assessment before the application to revive in favor of his executors was made; and that delay would be clearly sufficient to render it the duty of the court to refuse to permit the revival as a mere matter of discretion. *Lyon* v. *Park,* 111 N. Y. 351, 18 N. E. Rep. 863. It is not excused by reason of the indecision assigned in support of the application, for it is the general practice of the courts in legal proceedings to require that they shall be expeditiously prosecuted, and not permitted to remain dormant, as this proceeding was for a long period of years. A reargument of the appeal would therefore be of no service to the applicants, and the motion should be denied, with $10 costs. All concur.