LAURA HAYFORD, TRUSTEE, Petitioner,

*vs.*

MUNICIPAL OFFICERS OF CITY OF BANGOR.

Penobscot.    Opinion February 17, 1908.

*Eminent Domain.  Land Taken for Public Use.  Appeal from Estimate of Damages. Death of Appellant.  No Survival of Appeal.  Trust.  R. S., chapter 4, sections 89, 90, 91; chapter 23, section 20; chapter 89, section 8.*

1.  The right of appeal from the estimate of damages by the municipal officers for land taken for the site of a public library building, is neither a common law nor a constitutional right, but is solely a statutory right and can extend no farther than the statute provides.

2.  Such an appeal is not an "action" within the statute R. S., chapter 89, section 8, providing for the survival of actions after the death of a party, and there is no statute providing for the survival of an appeal like this ; hence the death of the appellant pending the appeal abates the appeal, and the proceedings under it cannot be carried on by the representatives of the appellant.

3.  Only persons having an estate or interest in the land taken at the time of the taking can appeal from the estimate of damages by the municipal officers.  Persons succeeding to the estate or interest of a deceased appellant cannot prosecute that appeal.

4.  The court cannot continue a trust otherwise ended, nor create a trust for the purpose of saving such an appeal after the death of the appellant trustee.

On exceptions by defendant.    Sustained.

Petition in the nature of an appeal, for an increase of damages awarded to the plaintiff by the municipal officers of the city of

Bangor as compensation for land taken by said city under Revised Statutes, chapter 4, sections 89, 90, 91, for a public library lot. The petition was entered at the October term, 1906, of the Supreme Judicial Court, Penobscot County, and was continued to and past the January term, 1907, to the April term, 1907. March 29, 1907, the petitioner died. At said April term, 1907, Anna C. Pierce, administratrix with the will annexed of the estate of the aforesaid petitioner, Laura Hayford, and also devisee in remainder upon the death of the aforesaid trustee, Laura Hayford, under the will of William B. Hayford, deceased, "offered to come in and prosecute the case in whichever capacity entitled, and the city of Bangor filed a motion to dismiss the petition." After hearing, this motion to dismiss was pro forma overruled by the presiding Justice and the defendant city excepted.

Revised Statutes, chapter 89, section 8, relating to the survival of actions, reads as follows: "Sec. 8. In addition to those surviving by the common law, the following actions survive; replevin, trover, assault and battery, trespass, trespass on the case, and petitions for and actions of review; and these actions may be commenced by or against an executor or administrator, or when the deceased was a party to them, may be prosecuted or defended by them."

The case appears in the opinion.

Memorandum. In a former case growing out of the taking of the aforesaid land for a public library lot, the plaintiff, Laura Hayford, filed a petition for a writ of certiorari. See *Hayford* v. *Bangor*, 102 Maine, 340.

*E. C. Ryder and Hugo Clark*, for plaintiff.

*Donald F. Snow, Charles A. Bailey, Taber D. Bailey and Louis C. Stearns*, for defendant.

SITTING: EMERY, C. J., WHITEHOUSE, SAVAGE, SPEAR, KING, JJ.

EMERY, C. J. By statutory proceedings, the regularity and validity of which are not now questioned, the city of Bangor took a parcel of land in the city for public use as a site for a public library building. The statutory provision for determining the

"just compensation" to be paid by the city for the land so taken was that the municipal officers of the city, after giving the specified public notice of the time and place for hearing, should "hear all parties interested . . . . and estimate the damages to be paid to each owner so far as known, and make a return of their doings," etc.   A further provision was that "any person aggrieved by the estimate of damages" by the municipal officers might petition the Supreme Judicial Court to estimate the damages, such petition to be presented at the next term of the court in Penobscot County, after sixty days from the taking of the land.   R. S., ch. 4, secs. 89, 90 and 91, and ch. 23, sec. 20.

The taking was April 29, 1906.   The municipal officers, after due public notice and other due proceedings, estimated the damages for such taking at $45,000, and awarded the whole sum "to Laura Hayford, Trustee of estate of Wm. B. Hayford, no other being known."   Wm. B. Hayford, deceased, the former owner of the land, had by will devised his estate to Laura Hayford for life, but in trust for herself and Anna C. Pierce, and after her death to said Anna C. Pierce in fee.

At the next October term of the Supreme Judicial Court for Penobscot County, Laura Hayford as such trustee, and in that capacity, filed a petition for an estimate of her damages by the court "as provided by law."   This petition was continued to and past the January term, 1907, to the April term, 1907.   In the vacation between the January and the April terms, viz. on March 29, Laura Hayford, the petitioner, died.   At the term next following the death of the petitioner, viz. the April term, 1907, Anna C. Pierce, claiming as administratrix of the estate of Laura Hayford and also as devisee of the estate of Wm. B. Hayford under his will as above stated, offered to come in and prosecute the case under the petition of Laura Hayford and in whichever capacity she might be entitled to do so.   The city objected and moved for the dismissal of the petition because of the death of the original petitioner.   This motion was pro forma overruled and the city excepted.   The question presented is whether the death of the petitioner abated the proceedings under her petition, or whether they survive her death, to

be carried on by her representative or by her successor in title, not being her heir.

It should be borne in mind that this is not a proceeding for the recovery of damages, nor to determine who is entitled to damages for the taking. It is simply and solely a proceeding in the nature of an appeal to procure an estimate of the damages by the court in review of the estimate made by the municipal officers. Cases and arguments applicable only to the former class of proceedings would have no application to this and do not need to be considered.

By the common law the death of a party as a rule abated all court proceedings by or against him. *Greene* v. *Watkins*, 6 Wheat. 260; *Dwinal* v. *Holmes*, 37 Maine, 97; In re *Palmer*, 115 N. Y. 493. The common law exceptions to the rule could not, of course, include a special statutory proceeding like this. Unless, therefore, there is some statutory provision for the survival and continuance of this proceeding, it abates by the death of the petitioner and must be dismissed. It is not within the purview of the general statute (R. S., ch. 89, sec. 8) providing for the survival of certain "actions." *Rines* v. *Portland*, 93 Maine, 227, 231. If a petition for the partition of land was not within that statute and hence was abated by the death of the petitioner, as was held in *Dwinal* v. *Holmes*, 37 Maine, 97, then this petition is not saved by that statute. Various proceedings other than "actions" have been made to survive by statute, such as complaints for flowage, bastardy complaints, petitions for partition, etc., but no statute has been cited and we have found none providing for the survival of a petition in the nature of an appeal for an increase of the damages awarded by the statutory tribunal for land taken for public uses. In the Palmer case, 115 N. Y. 493, the petition was to vacate a sewer assessment and was in the nature of an appeal from the statutory tribunal authorized to make the assessment. Pending the petition, the petitioner died and his executors claimed the right to prosecute the petition. It was held that, as there was no statutory provision for continuing such a proceeding after the death of the petitioner, it should be dismissed.

Laura Hayford's right to have her damages assessed by some

constituted tribunal upon due notice and hearing was a constitutional right, and was fully awarded to her by the provision for an estimate by the municipal officers. Her right of appeal by petition to this court for a revision of that estimate was purely statutory. She had no such right by the common law nor by the Constitution. *Kennebec Water District* v. *Waterville*, 96 Maine, 234. *Ingram* v. *Maine Water Company*, 98 Maine, 566. The right being purely statutory can extend no further than the statute provides. There being no statutory provision for the continuance of the proceeding after her death by her representatives, the right ceases upon her death. It must, therefore, be held that while Anna C. Pierce, in her capacity of administratrix of the estate of Laura Hayford, may recover of the city the damages awarded to the latter in her lifetime, she cannot in that capacity further prosecute this petition.

Nor can Anna C. Pierce continue and prosecute this proceeding in her capacity of devisee under the will of Wm. B. Hayford. If at the time of the taking the land she had in the land any estate or interest under the will of Wm. B. Hayford, or otherwise, she should have presented her own claim for compensation, and, if aggrieved by the award of the municipal officers, should have presented her own petition to this court, all within the time allowed by the statute. She did not do either, and there is no provision of statute allowing her now to adopt and carry on a proceeding begun by another person to enforce the claims of another owner.

If she had no estate or interest in the land at the time of the taking, and none till after the death of Laura Hayford, she was not a "person aggrieved" by the municipal officers' estimate of the damages, and hence has no right to maintain this or any petition for an increase of the damages. It is now settled law in this State that only a person having an estate or interest in the land at the time of the taking can be "aggrieved" by the estimate of the municipal officers. *Neal* v. *K. & L. R. Co.*, 61 Maine, 298; *Sargent* v. *Machias*, 65 Maine, 591; *Rines* v. *Portland*, 93 Maine, 227.

Counsel for Mrs. Pierce suggest that if she cannot prosecute the petition in either capacity named, the court should appoint for that purpose a trustee in the place of Laura Hayford, who held the land

as trustee.    But there is now no trust to be executed.    The trust
and trust estate  created by the will  terminated on  the death of
Laura  Hayford.    Mrs. Pierce then took  the estate in fee  free from
the trust.    All  the powers and duties of any trustee  under that
trust then ceased.    It is not for the court to continue that trust or
create a new one for· any purpose.

   It follows that the petition cannot be longer prosecuted and should
be dismissed.    But it does not  follow that the  city is  excused from
paying  the damages  awarded by the  municipal officers.    Who is
entitled to recover those damages must be determined  in other pro-
ceedings, not in this.

<div align="right">

*Exceptions sustained.*
*Petition dismissed.*