## Lorenzo D. Cyr v. Leo A. Cyr

[111 A2d 735]

January Term, 1955.

Present: **Sherburne, C. J., Cleary, Adams and Chase, JJ., and Smith, Supr. J.**

Opinion Filed February 1, 1955.

*Gelsie J. Monti* for the plaintiff.

*Emerson & Knapp* for the defendant.

**Chase, J.** This is an action in tort for the alienation of the affections of the plaintiff's wife. Trial was by jury and at the close of all the evidence the County Court granted the defendant's motion that the writ abate. The case is here on the plaintiff's Bill of Exceptions.

Section 1604, V. S. 1947 so far as here material provides:

"An action before the County Court shall be brought in the County where one of the parties resides, if either resides in the State; otherwise on motion, the writ shall abate * * * ."

On the question of the residence of the parties to this suit the undisputed facts are; that the defendant resided in Orleans County; that the plaintiff has a wife and six children; that he resided and maintained a home for them and himself in North Troy in Orleans County from October, 1952, to the latter part of February or the first part of March, 1953, when he and his family moved to Hyde Park in Lamoille County; that he obtained an apartment in Hyde Park in which he and his family lived; that he was unable to obtain steady employment in or around Hyde Park; that having read in a paper about a position in Athol, Massachusetts he went to Athol on April 2, 1953, and secured the position; that on April 5, 1953, he returned to Hyde Park, gave up his apartment, stored his furniture in a room he rented from his mother-in-law at Cady's Falls and took his wife and children together with their clothing and light articles to Athol, Mass. where he and his family have lived ever since; that at first they used furniture furnished by his employer but later bought some second hand furniture, that on the latter part of June or first part of July 1953 he came to Cady's Falls and took the furniture he had stored there to Athol, Mass.

The writ in this case was dated June 4, 1953, and was returnable to the Lamoille County Court and the defendant resided in Orleans County so the question for our consideration is: Was the plaintiff residing in Lamoille County, within the meaning of V. S. 47, §1604, on June 4, 1953?

The claim of the plaintiff is that his employment in Athol is only temporary and that when he moved his family there he did not intend it to be a permanent move and that he prefers to live in Vermont and intends to return here sometime. His argument seems to be directed to the proposition that residence and intention to remain are necessary to constitute a domicile and mere absence from the domicile, however long continued, does not work a change of domicile and that since

the plaintiff and his wife say they hope to return to Vermont some-time he had retained his domicile in Hyde Park on June 4, 1954.

■ In *Barton* v. *Irasburg*, 33 Vt 159, 162, it is said that in considering the question of intention it is always important to consider whether the party has anything to return to. If he has, he may well be supposed to have the intention to return. But if he has not, he may more reasonably be thought to carry his home with him.

■ In *Berlin* v. *Worcester*, 50 Vt 23, 26, it is said that the idea of a right to be and remain at a particular place is inseparable from the conception of a home or domicile.

■ In *Jericho* v. *Burlington*, 66 Vt 529, 534, 29 A 801, it is held that mere intention does not constitute residence; that it must have relation to a definite place to which the person has a right to return.

■ It is plain under our decisions, that on the facts in this case, the Court below was right, for intention alone cannot retain a residence, every vestige of which is gone, with no place left to which the party has a right to return. *Turner* v. *Turner*, 87 Vt 65, 66, 88 A 3, 47 LRANS 505.

Whether the defendant's motion was seasonably made we do not decide for the plaintiff has not raised that question.

Our disposition of this case makes it unnecessary to consider other points briefed by the plaintiff.

*Judgment affirmed.*