RAY W. SMITH, ET AL.
*vs.*
STATE OF MAINE
ACTING BY AND THROUGH THE STATE HIGHWAY
COMMISSION

ROLAND WARE
*vs.*
STATE OF MAINE
ACTING BY AND THROUGH THE STATE HIGHWAY
COMMISSION

Kennebec.    Opinion, July 13, 1961.

356

*Bird & Bird,* for plaintiff.

*L. Smith Dunnack,*
*Charles P. Nelson,* for defendant.

SITTING: WILLIAMSON, C. J., WEBBER, TAPLEY, SULLIVAN, DUBORD, SIDDALL, JJ.

SULLIVAN, J.   These cases are reported in accordance with Rule 72 (c), Maine Rules of Civil Procedure, 155 Me. 573, following a denial by a Superior Court Justice of motions by the State Highway Commission for the dismissal of plaintiffs' appeals from awards of damages rendered by a statutory, joint board composed of County Commissioners and Members of the Highway Commission.

In October, 1958 the Commission pursuant to R. S., c. 23, Sec. 21 had condemned and had taken real estate of the plaintiffs for highway purposes.   In November, 1959 the joint board had entertained the issue of damages and had rendered their decisions on November 24, A. D. 1959.   The joint board by registered mail dated December 3, A. D. 1959 had notified the plaintiffs of the awards.   Ray W. Smith signed his registry receipt on December 8, A. D. 1959. That of Donald O. Smith was signed by one Ruth Smith on December 7, A. D. 1959.   Roland Ware executed a return receipt on December 7, A. D. 1959.   With each registered letter the Commission had unfortunately enclosed a copy of R. S., c. 23, Sec. 23 as that statute read prior to the amendment effective December 1, A. D. 1959, P. L., 1959, c. 317, Sec. 8.

On December 14, A. D. 1959 the Smiths filed their notices of appeal with the Commission.   On December 17, A. D. 1959 Roland Ware did the same.   Complaints dated January 5, A. D. 1960 were filed by all of the plaintiffs in the Superior Court on January 8, A. D. 1960, more than 30 days after the signing of the return receipts for the registered

mail. The Commission thereupon moved the Superior Court to dismiss the plaintiffs' appeals because the plaintiffs had failed to file their complaints with the Superior Court within 30 days after receipt by them of the notices of the damage awards.

An issue is accordingly generated by the amendment of R. S., c. 23, Sec. 23.

Previous to December 1, A. D. 1959, R. S., c. 23, Sec. 23 (P. L., 1951, c. 321, Sec. 2), read in pertinent respect as follows:

> "Any person aggrieved by said decision of the joint board may appeal therefrom to the superior court in the county where the land is situated within 30 days after the date of the receipt of the notice of award. The appellant shall file notice of his appeal with the state highway commission at Augusta by registered mail within the time above limited, *and at the 1st term of the court following the expiration of the said 30 days shall file a complaint* setting forth substantially the facts upon which the case shall be tried like other cases." (Italics ours.)

On and after December 1, A. D. 1959, R. S., c. 23, Sec. 23 (P. L., 1959, c. 317, Sec. 8), became amended:

> " - - - The appellant shall file notice of his appeal with the state highway commission at Augusta by registered mail within the time limited, *and, when such appeal is taken shall file a complaint* setting forth substantially the facts upon which the case shall be tried like other cases with the right in either party to a jury trial." (Italics ours.)

The Maine Rules of Civil Procedure had become operative on December 1, A. D. 1959 and had abolished terms of the Superior Court as to civil actions in so far as such terms signify anything more than the time for holding regular sessions of court. The Superior Court is now al-

ways open for civil procedure. Rules 6 (c), 77 (a), 86, M. R. C. P., 155 Me. 493, 584, 596; R. S., c. 113, Sec. 39; P. L., 1959, c. 317, Sec. 170.

From December 1, A. D. 1959 the Maine Rules of Civil Procedure:

> " - - - govern all proceedings in actions brought after they take effect and also all further proceedings in actions then pending, except to the extent that in the opinion of the court their application in a particular action pending when the rules take effect would not be feasible or would work injustice, in which event the former procedure applies."
>
> Rule 86, *supra.*

R. S., c. 23, Sec. 23 as amended by P. L., 1959, c. 317, Sec. 8 is applicable to:

> " - - - all actions brought after December 1, 1959 and also to all further proceedings in actions at law or suits in equity then pending, except to the extent that in the opinion of the court the application of this act in a particular action pending on December 1, 1959 would not be feasible or would work injustice, in which event the laws in effect prior to December 1, 1959 would prevail."
>
> P. L., 1959, c. 317, Sec. 420.

It is to be perceived that the decision of the joint board in these cases was rendered upon November 24, A. D. 1959 at a time antecedent to December 1, A. D. 1959. The period of appeal did not begin to be tolled in any case until December 7, A. D. 1959. Notices of appeal were seasonably given to the Commission by all plaintiffs. Complaints were filed with the Superior Court according to the provisions of R. S., c. 23, Sec. 23 before the amendment to that act. The 1st term of the Superior Court to follow under the former procedure would have commenced upon the first Tuesday of February, A. D. 1960, on February 2nd, R. S., c. 106, Sec. 11, VI. Complaints by the requirements of R. S., c. 23,

Sec. 23 as amended by P. L., 1959, c. 317, Sec. 8 were filed in court subsequently to the 30 day limitation and were too late.

Decisive of our conclusions in the cases at bar must be the fair and expressed intendment of the Legislature and of this Court in the language of P. L., 1959, c. 317, Sec. 420 and of Rule 86, M. R. C. P., 155 Me. 596 which were coincidental in their effect and quite identical in their terms. *Hunter* v. *Totman,* 146 Me. 259, 265.

Both the Act and the Rule treat of "further proceedings in actions then pending." Were these civil pursuits of the plaintiffs on December 1, A. D. 1959 "actions"? They would not have been considered to have been such before December 1, A. D. 1959. R. S., c. 10, Sec. 21; *Hayford* v. *Bangor,* 103 Me. 434, 437.

December 1, A. D. 1959 was zero day by dint of P. L., 1959, c. 317, Sec. 420 and of the incipient Maine Rules of Civil Procedure, Rule 86. Both the Legislature and this Court were circumspectly mindful of the confusion attendant upon the extensive adaptation to new precepts and of human fallibility and inadvertence. Departures and innovations in long established remedial procedures may be the occasion of severe curtailment or deprivation of justiciable rights because of some complication of circumstances and of mental lassitude or inertia in the lay as well as in the professional mind.

In pristine pleading and process logic had been revered and had served too often to the disregard of right. Means had sometimes been preferred to end, form to substance. The primary object and the justification for the civil reform of 1959 was its promotion of less occult, simpler, speedier and more practical justice. Many old logical inhibitions were nullified. Access to hearings and trials was made more direct and surer.

In their apprehension that some situation such as the plight of the plaintiffs here might evolve in the period of transition from the old order to the new and that some litigant upon whom a severe loss might fall would be confronted with some hazardous choice as to the rectitude of one or the other of two procedural alternatives in a pending cause the Legislature and this Court resourcefully provided a saving neutralizer by P. L., 1959, c. 317, Sec. 420 and by Rule 86, M. R. C. P., *supra*.

> "This rule (86) is taken from Federal Rule 86. The second sentence is important. There are bound to be difficulties in the changeover, and the 'except' clause gives a broad discretionary power to mold the new procedure to pending actions." Maine Civil Practice, Field and McKusick, Note to Rule 86, P. 626.

Parties as these plaintiffs with court controversies in progression on December 1, A. D. 1959, it must be conceded, were entitled to their day in court in the absence of truly compelling reasons to the contrary. The Legislature and this Court in their solicitude can hardly be deemed to have differentiated in fine technicality and ultra refined nomenclature between a "cause" and a "a proceeding in the nature of an appeal to procure an estimate of the damages by the court in review of the estimate made." *Hayford* v. *Bangor*, 103 Me. 434, 437.) Granting that there is a veritable distinction between such a "cause" and such a "proceeding" there can be but slight important difference and both Legislature and Court by statute and by rule were unquestionably intent upon affording and administering practical justice.

> "The problems incident to the transition will soon become academic, but there are bound to be difficulties during the period of changeover. The guiding rule should be that no litigant is hurt by reliance in good faith upon either the old or the new procedure in an action commenced before the

effective date of the rules. . Often there will be genuine uncertainty as to the proper course to follow, and even if the lawyer has done something which seems plainly erroneous, the court should not permit justice to be defeated by a procedural slip." Maine Civil Practice, Field and McKusick, Sec. 86.1, P. 626.

In the opinion of this court it would work injustice to dismiss the complaints of the plaintiffs in these cases.

*Interlocutory orders of the presiding Justice sustained.*
*Cases remanded to the Superior Court for further and appropriate proceedings upon plaintiffs' complaints.*