**STATE of Maine**

v.

**Clarence L. DUBOIS.**

Supreme Judicial Court of Maine.

Nov. 13, 1969.

Richard A. Foley, Asst. County Atty., Augusta, for plaintiff.

Bernard R. Cratty, Waterville, for defendant.

Before WILLIAMSON, C. J., and WEBBER, MARDEN, DUFRESNE, WEATHERBEE, and POMEROY, JJ.

WEATHERBEE, Justice.

Defendant was convicted in a District Court of the charge of operating a motor vehicle on a public way in Farmingdale while under the influence of intoxicating liquor. He appealed his conviction to the Superior Court and there, before trial, moved to suppress the use of testimonial evidence as to his condition and conduct which he contended were obtained by the police as a result of an illegal arrest, entrapment and the absence of adequate warning as to his constitutional rights. (The issue of legal entrapment was later abandoned by Defendant during oral argument in this Court.)

Hearing was had before a Justice of the Superior Court who denied Defendant's Motion to Suppress. It was later agreed by the parties that the correctness of the Justice's ruling should be submitted to this Court on Report and that if the issue should be decided in Defendant's favor and the evidence suppressed the State would move to dismiss the charge against Defendant. A second Justice to whom this agreement was presented then ordered the proceedings reported as provided by M.R. Crim.P., Rule 37A(a).

This case raises the same question of judicial policy that was presented to this Court in Belanger v. Belanger, Me., 240 A.2d 743 (1968). There, in a civil matter, Justice "A" denied a Motion to Dismiss. A month later on motion of the party ag-

grieved by the denial, Justice "B" ordered the issue of the correctness of Justice "A" 's denial of the motion reported under the provisions of M.R.C.P., Rule 72(c). There we reviewed the legislative history of provision for reports and concluded that although the civil rule (like the criminal rule) is expressed in terms of "court" and "it", the rule's authorization to report extended only to the Justice whose ruling would be under attack. We said:

> "In the interest of intracourt comity, without prejudice to the rights of an aggrieved party, we hold that Rule 72(c) M.R.C.P., new to our practice, is not to be interpreted as authorizing a member of the Superior Court to sponsor what is in effect an interlocutory appeal from a decision of another member of the same Court."

Here, as in *Belanger,* the aggrieved party had two available approaches. He could have moved Justice "A" to report the case and Justice "A" could have ordered the case reported and proceedings on the merits stayed if he considered a question of law was presented which ought to have interlocutory determination. His other option was to proceed to trial on the merits and if Defendant was found guilty, to include on appeal such issues as his motion had presented.

■ We conclude that as a matter of judicial policy one Justice may not order reported the action of another member of the same Court except in the case of the other's death, resignation, sickness or other disability.

■ In *Belanger* we announced this principle as a caveat and proceeded to determine the important issue presented. Here, although we hold that the matter is not properly before us, we have examined the record and find it to present no issues of law of sufficient importance or doubt to justify their attempted presentation on report.

Report discharged. Case remanded to Superior Court.