**Rose WARREN**

v.

**WATERVILLE URBAN RENEWAL AUTHORITY.**

Supreme Judicial Court of Maine.

Dec. 3, 1969.

Jerome G. Daviau, Waterville, for plaintiff.

Lester T. Jolovitz, Waterville, for defendant.

Before WILLIAMSON, C. J., and WEBBER, MARDEN, DUFRESNE, WEATHERBEE and POMEROY, JJ.

DUFRESNE, Justice.

The plaintiff's complaint seeks from the defendant, Waterville Urban Renewal Authority (Authority), damages for its alleged tortious interference with tenancy contracts existing between the plaintiff and her tenants prior to the Authority's taking in eminent domain proceedings of plaintiff's land and buildings devoted to the business of renting apartments.

Certain aspects of the Authority's condemnation of plaintiff's property were reviewed by this Court in the cases of Warren v. Waterville Urban Renewal Authority, 1965, 161 Me. 160, 210 A.2d 41 and Warren v. Waterville Urban Renewal Authority, 1967, Me., 235 A.2d 295.

In the early stages of this separate litigation claiming damages for tortious interference with plaintiff's tenancy contracts, the Authority on October 8, 1965 moved to dismiss the plaintiff's complaint under Rule 12(b) (6), M.R.C.P., on the ground that it failed to state a claim against the Authority upon which relief can be granted. Thereafter several amendments were made and allowed to the original complaint and the plaintiff availed herself of the discovery process to promote evidentiary support

for her claim. The Authority's motion to dismiss was not actively pressed until on November 14, 1968, by agreement of the parties, a justice of the Superior Court took the same under advisement with their mutual understanding that the defendant's original answer and motion to dismiss were to be considered as addressed to the plaintiff's complaint as amended. On December 12, 1968 this justice of the Superior Court granted the motion to dismiss for the express reason that the plaintiff's complaint failed to state a claim upon which relief can be granted.

The docket entries reveal the plaintiff's subsequent procedural activity. First, a motion dated January 8, 1969 was filed with the Clerk on January 10, 1969 wherein the plaintiff requested the court "to vacate and/or modify the Judgment of Dismissal." The motion recited the grounds for relief which we need not consider and, in the notice served upon the defendant, counsel set the same for hearing on April 1, 1969 or as soon as counsel can be heard. On the same day, January 10, 1969, notice of appeal from the court's dismissal of plaintiff's complaint was filed with the Clerk. The record indicates however that the plaintiff's appeal was withdrawn without prejudice on January 14, 1969. The motion to vacate or modify the dismissal judgment was presented to a justice of the Superior Court other than the justice who had made the ruling of dismissal. Under date of April 21, 1969, this justice entered the following order:

"Without any expression of opinion on the merits but because the exact issue was ruled on [by the other justice] (12–12–68), the motion is denied."

Appeal notice was filed with the Clerk on May 5, 1969 which stated that "the Plaintiff Rose Warren hereby appeals to the Law Court from the court's denial of the Motion to Vacate or Modify Judgment of Dismissal."

The instant appeal must be dismissed on procedural grounds. The Authority's mo-tion to dismiss was filed under Rule 12(b)(6) for the alleged failure of the complaint as amended to state a claim upon which relief could be granted to the plaintiff. The effect of court dismissal under Rule 12(b)(6) is provided by Rule 41(b)(3) which says that unless the court in its order for dismissal otherwise specifies, any dismissal not provided for in Rule 41, other than a dismissal for lack of jurisdiction, for improper venue, or for failure to join a party under Rule 19, operates as an adjudication upon the merits. The plaintiff so recognized and obviously was attempting to escape the consequences of such definitive decree when she filed her motion to vacate and/or modify the judgment of dismissal of December 12, 1968. The parties do not question the Clerk's entry of the dismissal order and the service of notice thereof on December 12, 1968 in compliance with the requirements of rules 58, 79(a) and 77(d) of our rules of civil procedure. The rights of the plaintiff were then concluded by the dismissal of her complaint as amended and the court's decree met the test of finality which matured her right of appeal under Rule 54(a), M.R.C.P. See, Hazzard v. Westview Golf Club, Inc., 1966, Me., 217 A.2d 217. Plaintiff's first appeal dated January 10, 1969 was timely and proper, but the same was withdrawn on January 14, 1969 and is not before us.

Initially, we recognize that the present appeal was taken, not from the judgment of dismissal as required by Rule 73(a), M.R.C.P., but from the court's denial of the motion to vacate or modify the judgment of dismissal. However Rule 73(a) has a saving clause which preserves a party's appeal when mistakenly taken from the denial of one of the post-judgment motions enumerated therein, such as from an order denying a motion under Rule 59(e) to alter or amend the judgment.

"An appeal shall not be dismissed because it is designated as being taken from such an order, but shall be treated as an appeal from the judgment." Rule 73(a), M.R.C.P.

The plaintiff's present appeal would necessarily compel review of the original decree of dismissal in the light of the points designated by the appellant, notwithstanding the oblique manner in which the notice of appeal was couched, provided that it was timely. The time within which an appeal from the dismissal judgment in the instant case had to be taken was 30 days from its entry on December 12, 1968. Rule 73 (a), M.R.C.P. The present appeal was filed on May 5, 1969, much more than 30 days following the entry of the dismissal decree. However, the running of the appeal time is expressly terminated under the rule by a *timely* motion made pursuant to any of the rules such as 50(b), 52(a), 52(b) and 59, and, upon the timely filing of such a motion, the full appeal time of 30 days commences to run afresh and is to be computed from the entry of any order made under any of said reference rules. Rule 73(a), M.R.C.P.

■ The survival of the instant appeal must needs depend upon the timeliness of plaintiff's motion to vacate or modify the judgment of dismissal. If the court below had by lapse of time lost the power to vacate its judgment of dismissal, the plaintiff's subsequent filing of a motion for that purpose and its entertainment by the court would be a nullity and would not cause the tolling of the statutory appeal time. The plaintiff's objectives underlying her motion to vacate were to obtain a reconsideration of the previous ruling on the motion to dismiss and reinstatement of her complaint for the obvious reason that, so far as she was concerned, the conclusions of law reached by the first justice were erroneous as a matter of law. Such a motion, whether labeled a motion to reconsider, vacate, set aside or modify the judgment, is one that would alter the judgment and is subject to the 10-day-service mandate of Rule 59(e). See, Steward v. Atlantic Refining Company, 1956, 235 F.2d 570.

As stated in Woodham v. American Cystoscope Company of Pelham, N.Y., 1964, 5th Cir., 335 F.2d 551 at 555,

"Rule 59(e) deals with motions for a new trial and to alter judgments. Even before the rule was amended in 1946 by the addition of subsection (e), courts treated subsection (a) (2) as broad enough to include motions for reconsideration of orders finally disposing of actions before trial. Jusino v. Morales & Tio, 1 Cir. 1944, 139 F.2d 946. Since 1946, a motion for reconsideration, such as the motion for reinstatement here, clearly falls within subsection (e)."

See, Gainey v. Brotherhood of Railway & Steamship Clerks, etc., 1962, 3rd Cir., 303 F. 2d 716.

■ We conclude that plaintiff's motion to vacate and/or modify the judgment of dismissal in the instant case, ostensibly used as a means to obtain reconsideration of a judgment, decree or order finally disposing of the action before trial under Rule 12(b) (6) is within the coverage of Rule 59(e) and, if served not later than 10 days after entry of the judgment, decree and order, terminates under Rule 73(a) the running of the appeal time. *Woodham*, supra; Sharp v. Sharp, 1966, 196 Kan. 38, 409 P.2d 1019; 3 Barron & Holtzoff, Federal Practice and Procedure, § 1308.

The denial of her motion on April 21, 1969 by the second justice on grounds of intracourt policy did not aggrieve the plaintiff as the motion was subject to dismissal for untimeliness, since the service of her motion had been made on January 10, 1969, a date much beyond 10 days after the dismissal judgment of December 12, 1968. As we have already noted, the present appeal of May 5, 1969 from the denial of the motion to vacate must under Rule 73(a) be considered as an appeal from the original judgment of dismissal of December 12, 1968 and, in the absence of any tolling of the 30 days appeal period because the motion to vacate was not timely served, plaintiff's appeal must fail.

■ We take this occasion to emphasize our judicial policy exemplified in Belanger v. Belanger, 1968, 240 A.2d 743, and restat-

ed in State of Maine v. Dubois, 1969, Me., 258 A.2d 797. We hold that in the interest of intracourt comity, without prejudice to the rights of an aggrieved party, Rule 59 (e) is not to be interpreted as authorizing a justice of the Superior Court to entertain a motion to alter or amend the judgment, decree or order of another justice of the same court except in extraordinary circumstances such as in the case of the decreeing justice's death, resignation, sickness or other disability.

The entry will be

Appeal dismissed.