STATE OF MAINE

KENNEBEC, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. AP-03-34

NORMAN G. RANCOURT,

Petitioner

v.

STATE TAX ASSESSOR,

Respondent

**DECISION AND ORDER**

FEB 14 2005

This matter is before the court on State Tax Assessor's motion for summary judgment. Petitioner has filed a petition for review pursuant to 36 M.R.S.A. § 151 and 5 M.R.S.A. § 11002 of the assessment of income taxes for the period from January 1, 1991 through December 31, 1993, and assessment of income taxes for tax year 1994 by the State Tax Assessor. Taxes, interest and penalties for the years 1991 through 1993 total $37,784.51 as determined by the State Tax Assessor. Taxes, interest and penalties for the year 1994 show a balance due of $11,800.25 after a credit of $298 as found by the State Tax Assessor.

Under 36 M.R.S.A. § 5111, an income tax is imposed for each taxable year on the Maine income of every "resident individual" of the State. A resident individual is defined as one who is domiciled in Maine or, if not domiciled in Maine, maintains a permanent place of abode in the State and spends in the aggregate more than 183 days of the taxable year in the State, unless in the Armed Forces. The respondent asserts that Mr. Rancourt has maintained his domicile in the State of Maine while Mr. Rancourt argues to the contrary.

"Domicile" is a place where a person is affixed in a permanent home and where that persons intends to return whenever he or she is absent. *Belanger v. Belanger*, 240

A.2d 743 (Me. 1968). Domicile has two components: residence and the intent to remain. When these concur, there is domicile. *Margani v. Sanders,* 453 A.2d 501 (Me. 1982). Once a domicile has been acquired, it is presumed to continue until a new one is shown to have been established by the person seeking to show the new domicile. *Margani,* 453 A.2d at 503-04. "A home may be relinquished and abandoned, while the domicile of the party, upon which many civil rights and duties depend, may in legal contemplation remain." *Inhabitants of Exeter v. Inhabitants of Brighton,* 15 Me. 58 (1938). There is a presumption which favors a person's original domicile as his legal domicile when there is conflicting evidence as to intent. *Moss v. National Life and Accident Insurance Co.,* 385 F.Supp. 1291 (W.D. Mo. 1974). A person does not change his domicile by simply moving from place to place. *Eisel v. Secretary of the Army,* 155 U.S. App. D.C. 366, 477 F.2d 1251 (D.C. Cir. 1973). All cited in *Margani,* 453 A.2d at 503-04.

A determination of domicile is a mixed question of fact and law and this court must review the determination by the State Tax Assessor as whether it is clearly erroneous. The respondent's finding must stand if supported by any competent evidence in the record.

With some minor exceptions, the facts essentially are not in dispute. The petitioner was born in Rumford, Maine, and attended and graduated from public schools in the area. He completed post-graduate education at the Maine Maritime Academy in Castine, Maine. Petitioner's first marriage was conducted in Brewer, Maine, ending in divorce. Petitioner's second marriage was in Maine and the petitioner and his wife lived together in Maine. There is a child from this marriage born in Maine and continuing to live in Maine. Petitioner was employed in Maine and filed federal tax returns from Maine up through 1990 and he filed a federal income tax return with a schedule C from Maine employment in 1994. The petitioner agrees that he was

domiciled in Maine in 1990 and again in November of 1994. However, petitioner describes himself as a vagabond with no place of his own to live during the period 1991 through October of 1994. This is due in part to his working as a merchant marine and spending almost half of his time during those many months at sea.

As would be expected under the law of this case, the decision is highly dependent upon a large number of facts. Suffice it to say, there is evidence of registration of motor vehicles in multiple states, bank accounts in multiple states, periods of living with relatives, friends or in hotels/motels in multiple states. At the same time, there is no evidence that he had any property interest in real estate in any state except the State of Maine or that he engaged in any substantial banking transactions except in the State of Maine. The evidence is his children lived in the State of Maine as did and does his present wife. Most importantly, there is no evidence that the petitioner ever established a domicile in any other particular location notwithstanding his stated intent to consider Florida his residence.

In the final analysis, the burden is on the petitioner to clearly show a domicile other than in Maine during the period in question. Not only is the presumption in favor of a Maine domicile, simply looking at the large body of relationships to persons and things clearly indicates that the ties to the State of Maine have continued ever constant while the ties to Florida, New Hampshire, Maryland and Georgia have been fleeting and transitory. The petitioner has not met his burden and the evidence is overwhelming that his domicile has remained in Maine in 1991 through October of 1994.

The entry will be:

Respondent's motion for summary judgment is GRANTED; the decision of the State Tax Assessor in the matter of Request for Reconsideration of Assessment of Income Taxes for the period from January 1, 1991 through December 31, 1993, I.D. No. 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 MATS Case No. 287237 S Criminal Investigation Unit in regard Norman Rancourt dated May 15, 2003, is AFFIRMED; decision of the State Tax Assessor in the matter of Request for Reconsideration of Assessment of Income Taxes for the year 1994, I.D. No. 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 MATS Case No. 387160 S Criminal Investigation Unit in regard Norman and Dawn Rancourt dated May 15, 2003, is AFFIRMED.

Dated: January 27, 2005

Donald H. Marden
Justice, Superior Court

Date Filed ___6/16/03___ ___Kennebec___ Docket No. __AP03-34__
County

Action ___Petition for Review___
80C

# J. MARDEN

___Norman Rancourt___ vs. ___Maine Revenue Services___

| Plaintiff's Attorney | Defendant's Attorney |
|---|---|
| Norman Rancourt, Pro Se<br>2535 Lovell Lake Road<br>Sanbornville, NH 03872 | Thomas Knowlton, AAG<br>Office of Attorney General<br>6 State House Station<br>Augusta ME 04333-0006<br>Maeghan Maloney, AAG |

| Date of Entry | |
|---|---|
| 6/16/03 | Petition for Review, filed. s/Rancourt, Pro Se |
| 7/15/03 | Entry of Appearance of Thomas Knowlton, AAG on behalf of the Maine Revenue Services, filed. s/T. Knowlton, AAG |
| 7/24/03 | State Tax Assessor's Motion for an Order to Specify the Future Course of Proceedings, filed. s/Knowlton, AAG<br>Proposed Order Specifying the Future Course of Proceedings, filed. |
| 9/11/03 | Notification of Discovery Service, filed. s/Knowlton, AAG<br>State Tax Assessor's First Request for Production of Documents served on Norman g. Rancourt on 9/10/03. |
| 12/9/03 | Letter from attorney Knowlton requesting that court issue an order compelling documents. |
| 12/12/03 | ORDER COMPELLING PRODUCTION OF DOCUMENTS, Marden, J.<br>Copies mailed to Pltf. and atty of record. |
| 12/12/03 | ORDER SPECIFYING FUTURE COURCE OF PROCEEDIGNS, Marden, J.<br>Discovery shall close on March 26, 2004. Motions to be filed within 60dy of close of discovery.<br>Copies mailed to Pltf. and atty of record. |
| 12/16/03 | Letter from Norman Rancourt objecting to Attorney Knowlton's letter filed 12/9/03 requesting the court to issue an order compelling documents, filed. s/N. Rancourt, Petitioner |
| 12/22/03 | ORDER, Marden, J. (dated 12/17/03)<br>Courts ORDER of December 9, 2003 is _enlarged_ to January 14, 2004; in all other respects it remains the same.<br>Copies mailed to atty and Pltf. |
| 1/29/04 | Letter from attorney Knowlton regarding the Plaintiff's failure to pay the $150.00 sanctions. |

OVER